# Exhibit A

**PIERCE BAINBRIDGE**

Christopher LaVigne
Partner
Pierce Bainbridge Beck Price & Hecht LLP
New York, NY 10172
E: clavigne@piercebainbridge.com
O: 646-694-9666

VIA U.S. Certified Mail

August 9, 2019

David Christopher
President
AT&T Mobility Services, LLC
ATTN: C T Corporation System
818 West Seventh Street, Suite 930
Los Angeles, CA 90017

—

Dear Mr. Christopher,

      This letter serves as notification of my clients' intent to bring claims for monetary and injunctive relief, including punitive damages, under federal and state law for AT&T's failure to safeguard and protect their sensitive and confidential AT&T wireless account data, and the harms resulting therefrom. Additional details about my clients and their claims can be found below.

### Seth Shapiro v. AT&T

      California resident Seth Shapiro is a long-time AT&T wireless subscriber. On at least four occasions, AT&T employees accessed Mr. Shapiro's AT&T wireless account without his authorization. These employees, while acting within the scope of their employment at AT&T, participated in a criminal conspiracy to change the mobile phone associated with Mr. Shapiro's AT&T wireless account (i.e., conduct a "SIM swap") in order to rob him. As a direct consequence of the foreseeable acts of these AT&T employees, third-parties were able to seize control over Mr. Shapiro's AT&T wireless number and use that control to rob him of approximately $1.8 million dollars, compromise his highly sensitive personal information, and make ongoing threats against Mr. Shapiro and his family. Mr. Shapiro continues to be at risk of additional breaches of his personal information.

      AT&T employees involved in the breach of Mr. Shapiro's account and the unauthorized SIM swap have since been indicted on federal charges in connection with the theft from Mr. Shapiro, and AT&T has admitted in writing to Mr. Shapiro that its employees improperly accessed his customer proprietary network information ("CPNI"), in violation of federal law. Additionally, despite AT&T's repeated assurances to Mr. Shapiro that his account would be protected by AT&T's security measures,

1

August 9, 2019

Mr. Shapiro's account was accessed without proper authorization and his SIM card was changed on at least four separate occasions over the course of approximately one year.

This letter serves as notice that Mr. Shapiro intends to bring claims against AT&T in federal court in California in 30 days to hold AT&T accountable for its violations of, *inter alia*, the Federal Communications Act, the California Unfair Competition Law, the California Constitutional Right to Privacy, and the Computer Fraud and Abuse Act, as well as for negligence and negligent infliction of emotional distress. Additionally, Mr. Shapiro intends to bring a claim under the California Legal Remedies Act ("CLRA") for AT&T's representations that its goods and services have characteristics and/or benefits that they do not have. Specifically, AT&T represented that in purchasing AT&T wireless cell service and using AT&T-compatible phones, its subscribers' confidential data would be safeguarded and protected and that their sensitive account-related data would not be sold to third parties. These representations were false. Instead, AT&T repeatedly allowed Mr. Shapiro's personal information to be accessed, disclosed, used, and sold, and his SIM card to be changed without his knowledge or consent.

### Robert Ross v. AT&T

California resident Robert Ross is also an AT&T customer. On October 26, 2018, one or more AT&T employees acting within the scope of their employment accessed Mr. Ross' AT&T wireless account and effectuated a SIM swap without his authorization, in violation of federal law. This unauthorized SIM swap had the foreseeable consequence of allowing third-party hackers to seize control over Mr. Ross' AT&T wireless number in order to perpetuate massive violations of Mr. Ross's privacy, compromise his highly sensitive personal and financial information, and steal more than one million dollars from him. Mr. Ross' safety and security continues to be at risk in light of the likely proliferation of his sensitive and confidential information breached as a result of AT&T's actions. One of the third-party hackers involved in Mr. Ross' SIM swap theft has admitted that he used AT&T employees to effectuate SIM swap attacks. Additionally, AT&T failed to inform Mr. Ross that his CPNI was breached, as required by law.

This letter serves as notice that Mr. Ross intends to bring claims against AT&T in federal court in California in 30 days to hold AT&T accountable for its violations of, *inter alia*, the Federal Communications Act, California's Unfair Competition Law, California's Constitutional Right to Privacy, and the Computer Fraud and Abuse Act, as well as for negligence and negligent infliction of emotional distress. Additionally, Mr. Ross intends to bring a claim under the CLRA for AT&T's representations that its goods and services have characteristics and/or benefits that they do not have. Specifically, AT&T represented that in purchasing AT&T wireless cell service and using AT&T-compatible phones, its subscribers' confidential data would be safeguarded and protected and that their sensitive account-related data would not be sold to third parties. These representations were false. Instead, AT&T allowed Mr. Ross' personal information to be accessed, disclosed, and used and his SIM card to be changed without his knowledge or consent.

August 9, 2019

**Jason Williams v. AT&T**

North Carolina resident Jason Williams was at all relevant times an AT&T wireless customer. Jason Williams' AT&T wireless account was accessed and his SIM card swapped without his permission on approximately seven occasions between November 2018 and February 2019, in violation of federal law. As a foreseeable result of these SIM swaps—and AT&T's failure to protect Mr. Williams' AT&T account and the personal information stored therein—third parties were able to gain access to Mr. Williams' personal and financial accounts, compromise his sensitive personal information, and rob him. Third-parties' control over Mr. Williams' AT&T wireless number—control secured through AT&T employees' acts and failures—also damaged Mr. Williams' business assets, and destroyed his ability to safely continue his cryptocurrency mining business, resulting in more than $2,000,000 in damages. These third parties also used their control over Mr. Williams' AT&T wireless number to gain access to his social media accounts, access which they then used to capitalize on Mr. Williams' professional reputation in order to attempt to obtain money from Mr. Williams' personal and professional acquaintances by impersonating Mr. Williams. This caused Mr. Williams significant reputational damage. AT&T also failed to inform Mr. Williams that his CPNI was breached, as required by law.

These unauthorized SIM swaps caused Mr. Williams' highly sensitive personal information, including his cell phone number, home address, and details about his family, to be exposed and sold on the dark web. As a result, Mr. Williams has faced threats of bodily harm to himself and his family, as well as repeated extortion attempts, including threats to kidnap his young daughter. AT&T has refused to help remedy the dire situation it created. At the direction of law enforcement officers investigating these SIM swaps, Mr. Williams has resorted to arming himself and sitting up at night to protect himself and his family.

This letter serves as notice that Mr. Williams intends to bring claims against AT&T in federal court in North Carolina in 30 days to hold AT&T accountable for its violations of, *inter alia*, the Federal Communications Act, North Carolina's Unfair and Deceptive Trade Practices Act, North Carolina's Anti-Hacking Statute, and the Computer Fraud and Abuse Act, as well as for negligence and negligent infliction of emotional distress.

AT&T knew or should have known that my clients were at a significant risk of account breaches and SIM swap activity—including breaches facilitated by AT&T's own employees—yet repeatedly failed to protect their confidential AT&T accounts. AT&T also breached its representations concerning its safety and security practices, representations it made to all AT&T customers, including my clients. AT&T's failures to protect my clients' sensitive and confidential information resulted in egregious privacy violations, theft, emotional distress, and business and reputational damage. Absent appropriate relief, my clients will seek the full extent of damages available to them under the law, including but not limited to the claims outlined above, in 30 days.

Kind Regards,

Christopher LaVigne