**PIERCE BAINBRIDGE P.C.**
John M. Pierce (SBN 250443)
jpierce@piercebainbridge.com
Andrew Calderón (SBN No. 316673)
acalderon@piercebainbridge.com
355 S. Grand Avenue, 44th Floor
Los Angeles, CA 90071
Telephone: (213) 262-9333
Facsimile: (213) 279-2008

*Attorneys for Plaintiff Seth Shapiro*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SETH SHAPIRO,<br>          Plaintiff,<br>v.<br>AT&T MOBILITY, LLC,<br>          Defendant. | Case No. 2:19-CV-08972 (CBM)<br><br>**PLAINTIFF SETH SHAPIRO'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS OPPOSITION TO DEFENDANT AT&T MOBILITY LLC'S MOTION TO DISMISS THE AMENDED COMPLAINT**<br><br>Action Filed: October 17, 2019<br><br>**Hearing:**<br>Date: July 28, 2020<br>Time: 10:00 a.m.<br>Place: 350 West 1st Street, 8th Floor<br>          Courtroom 8B<br>          Los Angeles, CA 90012<br>Judge: Hon. Consuelo B. Marshall |

1. TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

    PLEASE TAKE NOTICE that Pursuant to Federal Rule of Evidence 201, Plaintiff Seth Shapiro hereby requests the Court take judicial notice of the following documents, attached as Exhibit 1, in support of Plaintiff's opposition to Defendant AT&T Mobility LLC's ("Defendant") Motion to Dismiss the Amended Complaint:

    1. Order Granting in Part & Denying in Part Motion to Dismiss, *Ross v. AT&T Mobility, LLC*, Case No. 19-cv-06669-JST, Dkt. No. 36 (N.D. Cal. May 14, 2020) ("Ross Order"), a true and correct copy of which is attached hereto as Exhibit 1.

    Under Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of any fact "that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Moreover, the court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Courts routinely take judicial notice of documents, including pleadings, filed in other courts. *See Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts."); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (similar). Courts may properly take judicial notice of another court's decision for "the fact of its existence, the parties to the state case, and the result of the disposition, but not for the truth of the facts therein..." *Five Points Hotel Partnership v. Pinsonneault*, 835 F. Supp.2d 753, 757 (9th Circ. 2011) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Circ. 2001)).

    Here, Mr. Shapiro requests judicial notice of the attached *Ross v. AT&T Mobility, LLC* Order Granting in Part & Denying in Part Motion to Dismiss ("Ross Order") in Case No. 19-cv-06669-JST, which was filed in the Northern District of California on May 14, 2020. *Ross v. AT&T Mobility, LLC* is a factually similar case filed by Mr. Ross to hold AT&T accountable for a SIM swap that resulted in the theft of approximately $1 million. Mr. Ross filed similar claims as Mr. Shapiro against AT&T, including a claim for violation of the right to privacy under the California

1  Constitution. AT&T moved to dismiss Mr. Ross' privacy claim on similar grounds that "(1) Ross
2  did not plead facts showing that he had a reasonable expectation of privacy; and (2) Ross did not
3  plead facts showing a serious invasion of a protected privacy interest." Ex. 1, 10:7-10. The court
4  analyzed Mr. Ross' violation of the right to privacy claim under the framework of the Ninth
5  Circuit's recent ruling in *In re Facebook, Inc. v. Internet Tracking Litig.*, 956 F.3d.589 (9th Cir.
6  Apr. 9, 2020) and denied AT&T's motion on that claim. Ex. 1, 14:7-8.

7  Contrary to AT&T's argument in the present case, the *Ross* court found that Mr. Ross'
8  invasion of privacy claim was not subject to dismissal for failure to identify "specific, sensitive
9  information" when the plaintiff has adequately alleged "that the type of information implicated in
10 an unauthorized SIM swap is sensitive". Ex.1, 14:2-8. The *Ross* court also found Mr. Ross' privacy
11 claim was not subject to dismissal for failure to plead a serious breach of social norms when he
12 adequately alleged AT&T's intentional conduct "amounts to more than mere negligence". Ex.1,
13 14:25-15:11.

14 Mr. Shapiro requests that the Court take judicial notice of the Ross Order for the court's
15 application of *In re Facebook* to deny a similar argument by AT&T against another SIM swap
16 victim's similar privacy claim. *Clark v. Citizens of Humanity, LLC*, 97 F.Supp.3d 1199, 1202-1203
17 (2015) (court grants request for judicial notice of an issued order denying a motion to dismiss in a
18 similar case to the one at issue); *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*,
19 871 F.2d 244, 248 (9th Circ. 1992) ("[the court] may take notice proceedings in other courts, both
20 within and without the federal judicial system, if those proceedings have a direct relation to matters
21 at issue." (internal quotations marks omitted)).
22 .
23
24
25
26
27
28

| | | |
|---|---|---|
| 1 | Dated: July 7, 2020 | Respectfully submitted, |
| 2 | | |
| 3 | | /s/ John M. Pierce<br>John M. Pierce (SBN 250443) |
| 4 | | jpierce@piercebainbridge.com<br>Andrew Calderón (SBN No. 316673) |
| 5 | | acalderon@piercebainbridge.com<br>**PIERCE BAINBRIDGE P.C.** |
| 6 | | 355 S. Grand Avenue, 44th Floor<br>Los Angeles, CA 90071 |
| 7 | | Telephone: (213) 262-9333<br>Facsimile: (213) 279-2008 |
| 8 | | |
| 9 | | *Attorneys for Plaintiff Seth Shapiro* |

PLAINTIFF SETH SHAPIRO'S REQUEST FOR JUDICIAL NOTICE