1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10

11    SETH SHAPIRO                          Case No.: 2:19-CV-8972-CBM-(FFMx)

12         Plaintiff,
                                            **ORDER RE: DEFENDANT'S**
      vs.
13                                          **MOTION TO DISMISS CLAIMS 6**
                                            **AND 7 OF PLAINTIFF'S FOURTH**
      AT&T MOBILITY, LLC,
14                                          **AMENDED COMPLAINT [78] [79]**

         Defendants.
15

16         The matter before the Court is Defendant AT&T Mobility LLC's

17    ("Defendant's" or "AT&T's") Motion to Dismiss Claims 6 and 7 of Plaintiff's

18    Fourth Amended Complaint (the "Motion"). (Dkt. No. 78.)  The matter is fully

19    briefed. (Dkt. Nos. 82, 83.)

20                        **I.    BACKGROUND**

21         Plaintiff Seth Shapiro ("Plaintiff") is a wireless cell service subscriber of

22    AT&T.  This action arises AT&T's alleged failure to protect confidential

23    information and AT&T employees' alleged assistance in transferring control of

24    Plaintiff's wireless telephone number to third-party after which the hackers

25    allegedly engaged in "SIM swapping" to steal more than $1.9 million in

26    cryptocurrency from Plaintiff.  Plaintiff's Third Amended Complaint[1] ("TAC")

27    _____

28    [1] Plaintiff filed the TAC pursuant to a stipulation by the parties which was
      approved by the Court (*see* Dkt. Nos. 51, 52).

1   asserted the following seven causes of action:  (1) violations of the FCA, 47

2   U.S.C. § 201 *et seq*. against all Defendants; (2) violation of the UCL, Cal. Bus. &

3   Prof. Code §7200 *et seq*. against AT&T; (3) violations of the California

4   Constitutional Right to Privacy against all Defendants; (4) negligence against all

5   Defendants; (5) negligent supervision and entrustment against all Defendants; (6)

6   concealment against AT&T; and (7) violation of the CFAA, 18 U.S.C. § 1030,

7   against all Defendants.  (Dkt. No. 55.)  On July 28, 2021, the Court granted

8   Defendant AT&T's motion to dismiss the TAC pursuant to Rule 12(b)(6) as to

9   Plaintiff's sixth cause of action for concealment upon finding Plaintiff failed to

10  allege material facts in AT&T's exclusive knowing giving rise to a duty to

11  disclose, failed to plead sufficient facts regarding misleading representations by

12  AT&T about security giving rise to a duty to disclose, and failed to plead

13  sufficient facts that he would have acted differently had he known about the

14  inadequacy of AT&T's security to state a claim for concealment.  (Dkt. No. 72

15  (the "Order").)  The Court gave Plaintiff leave to amend as to the concealment

16  claim "to allege additional facts correcting the deficiencies identified in th[e]

17  Order."  (*Id*. at 8.)

18      On August 6, 2021, Plaintiff filed the Fourth Amended Complaint ("FAC")

19  which asserts the following causes of action:  (1) violations of the FCA, 47 U.S.C.

20  § 201 *et seq*. against all Defendants; (2) violation of the UCL, Cal. Bus. & Prof.

21  Code §7200 *et seq*. against AT&T; (3) violations of the California Constitutional

22  Right to Privacy against all Defendants; (4) negligence against all Defendants; (5)

23  negligent supervision and entrustment against all Defendants; (6) concealment

24  against AT&T; (7) intentional misrepresentation against AT&T; and (8) violation

25  of the CFAA, 18 U.S.C. § 1030, against all Defendants.  (Dkt. No. 74.)  Defendant

26  AT&T now moves to dismiss the sixth and seventh causes of action in the FAC

27  for concealment and intentional misrepresentation, respectively.

28                              **II.    LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This requirement is satisfied when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and punctuation omitted). When considering motions to dismiss, courts accept all facts alleged in the complaint as true, construe the pleadings in the light most favorable to the nonmoving party, and draws all reasonable inferences in favor of the plaintiff. *Ass'n for Los Angeles Deputy Sheriffs v. Cty. of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011).

## III.   DISCUSSION

### A.   Intentional Misrepresentation (Seventh Cause of Action)

The FAC includes a new cause of action for intentional misrepresentation which was not included in the TAC.  AT&T therefore moves to dismiss Plaintiff's intentional misrepresentation claim asserted for the first time in the FAC on the ground it is procedurally improper because Plaintiff neither obtained Defendants' written consent nor leave of Court to amend the complaint to include a new claim.

Federal Rule of Civil Procedure 15(a) provides "[a] party may amend its pleading one as a matter of course," and "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a).  In granting Defendant AT&T's motion to dismiss the TAC, the Court gave Plaintiff leave to amend to plead additional facts as to Plaintiff's concealment claim.  The Court did not give Plaintiff leave to amend the complaint to assert a new claim for intentional misrepresentation.

Plaintiff states in his opposition that he "concedes that his claim for

1    misrepresentation was not made with leave of Court or by stipulation." (Opp. at

2    4.)  Accordingly, the Court dismisses Plaintiff's intentional misrepresentation

3    claim (seventh cause of action).  *See Mendoza v. Lehigh Sw. Cement Co.*, 540 F.

4    App'x 813 (9th Cir. 2013) ("The district court did not abuse its discretion by

5    dismissing Mendoza's new claims for 'Punishment, Mislead, Accomplishment,

6    and Negligence' because Mendoza failed to seek leave to add these claims.")

7    (citing Fed. R. Civ. P. 15(a)(2)).[2]

8    **B.      Concealment (Sixth Cause of Action)**

9            Plaintiff's sixth cause of action asserts a claim for concealment against

10   Defendant AT&T.  To state a claim for concealment, Plaintiff must allege:  "(1)

11   concealment or suppression of a material fact; (2) by a defendant with a duty to

12   disclose the fact to the plaintiff; (3) the defendant intended to defraud the plaintiff

13   by intentionally concealing or suppressing the fact; (4) the plaintiff was unaware

14   of the fact and would not have acted as he or she did if he or she had known of the

15   concealed or suppressed fact; and (5) plaintiff sustained damage as a result of the

16   concealment or suppression of the fact."  *Dent v. Nat'l Football League*, 902 F.3d

17   1109, 1125 (9th Cir. 2018) (quoting *Hambrick v. Healthcare Partners Med. Grp.,*

18   *Inc.*, 189 Cal. Rptr. 3d 31, 60 (Cal. Ct. App. 2015)).

19           **1.      Duty to Disclose**

20           AT&T moves to dismiss Plaintiff's concealment claim on the ground

21   Plaintiff does not sufficiently allege a duty to disclose.  Under California law,

22   there are "four circumstances in which nondisclosure or concealment may

23   constitute actionable fraud:  (1) when the defendant is in a fiduciary relationship

24   with the plaintiff; (2) when the defendant had exclusive knowledge of material

25   facts not known to the plaintiff; (3) when the defendant actively conceals a

26   material fact from the plaintiff; and (4) when the defendant makes partial

27

28   [2] Any request for leave to amend to file a claim for intentional misrepresentation
     must be made in a properly noticed motion.

1    representations but also suppresses some material facts." *LiMandri v. Judkins*, 60

2    Cal. Rptr. 2d 539, 543 (Cal. Ct. App. 1997).  Here, Plaintiff argues AT&T had a

3    duty to disclose under category 4 above (partial representations and suppression of

4    some material facts).[3]

5        Plaintiff contends AT&T stated in its disclosures:

6        *We will keep your information safe* using encryption or other
         *appropriate security controls.* (Exh. G, p. 2, Emphasis added). *We've*
7        *implemented technology and security features* and strict policy
         guidelines to safeguard the privacy of your Personal Information.
8        Some examples are: …Requiring caller/online authentication before
         providing Account Information so that *only you or someone who*
9        *knows your Account Information will be able to access or change the*
         *information.*
10

11    (FAC ¶ 208 (citing Ex. G pp. 25-26) (emphasis added).)  Plaintiff argues AT&T's

12    disclosures were "grossly misleading" because AT&T "never mentions SIM

13    swaps and focuses on third parties and not AT&T's failures to implement proper

14    measures."  (Opp. at 3.)  However, as the Court noted in its Order granting

15    Defendant's motion to dismiss Plaintiff's concealment claim in the FAC, AT&T's

16    Privacy Policy (revised February 15, 2019) which was attached to the FAC states:

17    "Although we strive to keep your Personal Information secure, no security

18    measures are perfect, and we cannot guarantee that your Personal Information will

19    never be disclosed in a manner inconsistent with this Policy (for example, as the

20    result of unauthorized acts by third parties that violate the law or this Policy)."

21    (FAC Ex. G.)  The Court previously found and continues to find Plaintiff fails to

22    plead sufficient facts regarding misleading representations by AT&T about

23    security giving rise to a duty to disclose because AT&T stated in the Privacy

24    Policy that it could not guarantee that a customer's private information would

25    [3] Plaintiff does not contend there was a fiduciary relationship between AT&T and
      Plaintiff, AT&T had exclusive knowledge of material facts not known to Plaintiff,
26    or AT&T actively concealed material facts from Plaintiff (categories 1, 2 and 3
      above giving rise to a duty to disclose).  Therefore, Plaintiff has waived any
27    argument that AT&T had a duty to disclose under categories 1, 2 or 3 by failing to
      raise it in his opposition.  *See Pac. Dawn LLC v. Pritzker*, 831 F.3d 1166, 1178
28    n.7 (9th Cir. 2016).

5

1    never be disclosed.  (*See* Order at 7.)

2         Plaintiff argues AT&T's disclosure about the limits of its security measures

3    is misleading because it focuses on "third party misdeeds" rather than "basic

4    internal safety precautions" that AT&T could have enacted.  However, AT&T's

5    disclosure is not limited to acts by third parties—AT&T simply included third

6    party acts as an "example" of the limits of its security measures.  Moreover,

7    Plaintiff's lawsuit is based on AT&T's alleged failure to prevent "SIM swapping"

8    by third-party hackers, whom the FAC alleges accessed his personal and digital

9    finance accounts to steal more than $1.9 million from Plaintiff in cryptocurrency.

10   (FAC ¶ 25; *see also id*. ¶ 26 (defining a "SIM swap" as a "scheme . . . wherein a

11   [third party] hacker gains control of a victim's mobile phone number and service

12   in order to intercept communications, including text messages, intended for the

13   victim.  The hackers then use that phone number as a key to access and take over

14   the victim's digital accounts, such as email, file storage, and financial accounts").)

15   *See Terpin v. AT&T Mobility, LLC*, 2020 WL 5369410, at *4 (C.D. Cal. Sept. 8,

16   2020) (finding "[a]lthough AT&T did not specifically spell out that a security

17   breach may occur if an employee violates their obligations and overrides the code

18   at the behest of a criminal, it did disclose that a breach may be the 'result of

19   unauthorized acts by third parties.'  Therefore, a duty to disclose did not arise

20   from a partial representation.") (citation omitted).

21        Because AT&T disclosed in writing that its security measures could not

22   guarantee non-disclosure of a customer's personal information (*see* FAC Ex. G),

23   Plaintiff fails to allege AT&T made partial representations and suppressed some

24   material facts giving rise to a duty to disclose.  Accordingly, the Court finds

25   Plaintiff fails to plead sufficient facts regarding a duty to disclose owed by AT&T

26   to Plaintiff in order to state a claim for concealment.  Since the Court previously

27   gave Plaintiff leave to amend to plead additional facts to state a claim for

28   concealment, the Court dismisses Plaintiff's concealment claim with prejudice.

1  **2.      Plaintiff's Knowledge and Whether He Would Have Acted**

2  **Differently**

3  AT&T also moves to dismiss Plaintiff's concealment claim on the ground

4  Plaintiff has not pled that he was unaware of the allegedly concealed facts

5  regarding AT&T's failure to enact proper safety measures or that he would have

6  acted differently had he been aware of those alleged facts.

7  Plaintiff argues the FAC sufficiently alleges:

8  [Plaintiff] reasonably relied on AT&T's reassurances and failures to
   disclose. Had AT&T properly and adequately disclosed the true facts,

9  [Plaintiff] would have either cancelled his AT&T service or taken
   measures to protect his cryptocurrency from the risk of additional

10  unauthorized SIM swaps such as storing his digital assets in a cold
   wallet that was not accessible from his mobile phone.

11

12  (Opp. at 3 (citing FAC ¶ 279).)  However, the FAC does not allege facts

13  demonstrating Plaintiff was not aware of the limits to AT&T's security measures

14  based on AT&T's written disclosure that "no security measures are perfect, and

15  we cannot guarantee that your Personal Information will never be disclosed in a

16  manner inconsistent with this Policy."  (FAC Ex. G.)  Moreover, the allegations in

17  the FAC demonstrate Plaintiff continued to be an AT&T customer even though (i)

18  "AT&T disclosed in writing to Plaintiff that its security measures could not

19  guarantee non-disclosure of a customer's personal information," and (ii) Plaintiff

20  allegedly experienced *four* SIM swaps, separated by months.  (FAC ¶¶ 35, 42, 70,

21  73.)  Therefore, Plaintiff fails to allege sufficient facts that he was "unaware of the

22  [alleged undisclosed] fact" regarding the limits to AT&T's security measures and

23  would have acted differently had he known about the limits of AT&T's security

24  measures as required to state a claim for concealment.  *See Dent*, 902 F.3d at

25  1125.

26  **IV.  CONCLUSION**

27  Accordingly, the Court **GRANTS** AT&T's Motion.  Plaintiff's sixth cause

28  of action for concealment is <u>dismissed with prejudice</u>, and Plaintiff's seventh

1    cause of action for intentional misrepresentation is <u>dismissed without prejudice</u>.

2

3      **IT IS SO ORDERED.**

4

5    DATED:  September 30, 2021.

                     _____

6                      CONSUELO B. MARSHALL
                     UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28