1   CHRISTOPHER GRIVAKES
        cg@agzlaw.com
2   AFFELD GRIVAKES LLP
    2049 Century Park East, Suite 2460
3   Los Angeles, CA 90067
    Telephone:  310.979.8700
4   Facsimile: 310.979.8701

5   Attorney for Plaintiff SETH SHAPIRO

6

7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                         WESTERN DIVISION

11

12   SETH SHAPIRO,                    CASE NO. 2:19-CV-08972-CBM-FFM(x)

13              Plaintiff,            **REPLY TO OPPOSITION TO
                                      MOTION TO FILE FIFTH
14        v.                          AMENDED COMPLAINT**

15   AT&T MOBILITY LLC, et al.        Date:    November 30, 2021
                                      Time:    10:00 a.m.
16              Defendants.           Court:   8B

17

18

19

20

21

22

23

24

25

26

27

28

---

REPLY TO OPPOSITION TO MOTION TO AMEND COMPLAINT

Plaintiff SETH SHAPIRO ("Shapiro") hereby submits his Reply to the Opposition by AT&T MOBILITY LLC ("AT&T") to the Motion to Amend the Complaint.

## I.   THE PROPOSED AMENDMENTS ARE NOT FUTILE

### A.   The Court's Prior Ruling Does Not Bar The Proposed Amendments

AT&T maintains that the proposed amendments are futile because the Court has essentially already ruled on the same factual and legal theories when it dismissed the claim for concealment.  AT&T is mixing apples and oranges.  The prior ruling did not address (much less bar) the proposed misrepresentation claims.  Instead, the prior ruling held that Shapiro could not maintain the claim that AT&T had concealed that he was vulnerable to being hacked based on its written disclaimer to all of its customers that "no security measures are perfect."  (Dkt 85).

The misrepresentation at issue is based on a completely separate and distinct set of facts that requires a different legal analysis.  Shapiro alleges that after he was SIM swapped the first time, but before his life savings were stolen, he told AT&T that he was worried about another SIM swap because his life savings were linked to his phone, and that AT&T represented to him that it was "*monitoring his account and that his SIM card would not be swapped again without his authorization*." (Proposed Fifth Amended Complaint ("FAC"), ¶ 41).  Shapiro further alleges that in reliance on the representation, he reactivated service on his phone that was linked to his cryptocurrency accounts (FAC ¶¶ 41, 42), and that he wouldn't have done so if he'd known that he remained vulnerable to another SIM swap (FAC, ¶ 46), and instead would have used the second phone that he'd just purchased that was not linked to his cryptocurrency accounts, thus avoiding any financial losses (FAC, ¶46).

AT&T's general disclaimer to all of its customers has no relevance on the subsequent specific misrepresentation to Shapiro except on the issue of reliance: was Shapiro reasonable in relying on the misrepresentation given the disclaimer?  As

discussed below, Shapiro's reliance was entirely reasonable.

### B.    Shapiro Reasonably Relied On The Misrepresentations

A "plaintiff must show that the reliance was reasonable by showing that (1) the matter was material in the sense that a reasonable person would find it important in determining how he or she would act, and (2) it was reasonable for the plaintiff to have relied on the misrepresentation." *Hoffman v. 162 North Wolfe LLC* (2014) 228 Cal.App.4th 1178, 1194.  "[A] presumption, or at least an inference, of reliance arises wherever there is a showing that a misrepresentation was material." *Engalla v.Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 977.

There is no question that the specific representation at issue was material to Shapiro's decision to reactivate service on the phone linked to his cryptocurrency accounts, and that his reliance was reasonable under the circumstances.   He'd just been SIM swapped for the first time, had shut down service on his phone linked to his cryptocurrency accounts, had alerted AT&T that he feared his life savings were vulnerable to being stolen in a second SIM swap, and had been reassured that his account was safe from another SIM swap because *AT&T was monitoring his account* and nothing would happen *unless he authorized it*.  A reasonable person under the same circumstances would have taken comfort from these reassurances and reactivated service on the mobile phone linked to the cryptocurrency accounts. There was no reason to *not* rely on AT&T's specific reassurances. This is true even assuming that AT&T's disclaimer had been sent to Shapiro and he'd read it.

Moreover, a generalized disclaimer to all customers that nothing is perfect does not trump a specific representation to a customer that his account is being specially monitored and that nothing will happen without his authorization.  California law prohibits a party from disclaiming liability for its own fraud.  Civil Code §1668 ("All contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law.").

1   AT&T does not address the above facts in its opposition papers because

2   Shapiro's reliance was eminently reasonable.  Instead, AT&T clouds the issues by

3   lumping all of the SIM swaps together, including the third and fourth SIM swaps that

4   occurred after Shapiro's cryptocurrency accounts had been drained due to the second

5   SIM swap.   In sum, Shapiro's reliance was reasonable and his claims are plausible.

6       **C.**    **The Futility Arguments In Footnote 1 Are Without Merit**

7       AT&T argues in Footnote 1 that if the Court grants the motion to amend it will

8   bring a motion to dismiss on the grounds that Shapiro has failed to plausibly allege

9   fraud with particularity and failed to allege proximate cause.  The arguments raised by

10  AT&T in its footnote are without merit and are presented this way in order to get a

11  second bite of the apple. If the proposed amendment are not plausible, they are also

12  futile.  The fact that AT&T relegates them to a footnote speaks volumes.

13      The argument that Shapiro hasn't pled fraud with sufficient particularity is not

14  valid.  Shapiro alleges the specific "who, what, when and where" related to the

15  misrepresentation.  The only thing he doesn't allege is the name of the AT&T

16  representative who made the misrepresentation over the phone. Shapiro is not required

17  to "name names" if he doesn't have them.  Indeed, Shapiro alleges that "[t]he name of

18  the agent is exclusively within AT&T's knowledge." (FAC, ¶ 41).  It is long

19  established that with respect to pleading fraud "[l]ess specificity is required when

20  Respondent must necessarily possess full information concerning the facts of the

21  controversy."  *Committee On Children's Television, Inc. v. General Foods Corp.*, 35

22  Cal.3d  197 217 (1983)   "Even under the strict rules of common law pleading, one of

23  the canons was that less particularity is required when the facts lie more in the

24  knowledge of the opposite party . . ." *Id*.

25      AT&T also argues that the claims fail on the issue of proximate because the

26  "allegations of proximate cause are implausible in light of his acknowledgement that,

27  absent the alleged misrepresentations, he would have still remained an AT&T

28  customer, but would have simply used a different phone number, as he alleges no facts

1    suggesting that the new phone number would have had different security against
2    allegedly unauthorized SIM swaps." (Dkt 90, p.4, fn 1).  This is not a correct
3    statement of Shapiro's factual allegations.  Shapiro alleges that he would not have
4    activated service on the phone linked to his cryptocurrency accounts if he'd known that
5    he wasn't safe from future SIM swaps, and would have activated service only on the
6    new phone that he'd just purchased at the AT&T store *that wasn't linked to his*
7    *accounts*. (FAC, ¶¶ 41, 42, 46).  The hackers wouldn't have been able to steal from
8    him if he'd only activated the new phone.   (FAC, ¶¶ 43-46).  AT&T's argument
9    regarding lack of proximate cause fails.

10

11   **II.    THERE WAS NO UNDUE DELAY OR PREJUDICE**

12          AT&T claims that it will suffer substantial prejudice if the proposed
13   amendments are permitted because it will incur the cost of mounting a pleading
14   challenge.  This argument rings hollow since it would have incurred those costs no
15   matter when the motion was brought.   The proposed amendments do not replicate
16   existing claims and thus do not involve any duplication of effort in terms of a pleading
17   challenge.   If the Court adopts AT&T's argument that the possible future cost of
18   bringing a motion to dismiss defeats a motion to amend, the "cost" argument would
19   devour the existing rule requiring the liberal amendment of pleadings.
20          In an effort to make an argument that might resonate with the Court, AT&T
21   maintains that the Court's prior decision in *In re: Circuit Breaker Litigation,* 175
22   F.R.D. 547, 551-52 (C.D. Cal. 1997) ("*Circuit Breaker*") is "highly analogous" and
23   that a similar result should obtain.  This argument is misplaced.  Shapiro's case is not
24   at all reasonably analogous, for the following reasons:
25          *First*, the Court's decision in the *Circuit Breaker* case was based on a
26   combination of several factors and not just prejudice. The Court based its decision on
27   the combination of "delay, prejudice, futility, and prior opportunities to amend." *Id.* at
28   552.  The same combination does not exist here.

*Second*, unlike *Circuit Breaker*, this case does not involve amendments "predicated on facts and legal theories that failed."  Indeed, AT&T glosses over the fact that in *Circuit Breaker* "[e]ach of Defendants' substantive amendments are futile because each is predicated on facts and legal theories that failed on summary judgment as to the co-Defendants." *Id*. at 551-52. The plaintiff in *Circuit Breaker* proposed adding a claim that had been dismissed with prejudice *seven years before*: "[w]hile GCB included in its amended counterclaims a cause of action that was dismissed with prejudice by this Court seven years ago, and while both Pencon/GMEW and GCB interpose their amendments at the eleventh hour, their actions do not rise to the level of dilatory motive or bad faith." *Id*. at 551.  Shapiro is not seeking to add facts or legal theories that failed on summary judgment against other defendants.

*Third*, on the issue of prejudice, which as noted in the moving papers is the "touchstone" of the inquiry on a Rule 15(a) motion, AT&T has not shown anything close to the substantial prejudice that existed in *Circuit Breaker* where the defendant "will incur time and expense in having to defend against the new counterclaims because they *could not reply to them during discovery and cannot attack them by summary judgment motion*." *Id*. at 552 (Emphasis added).  Here, AT&T will have ample opportunity to conduct discovery and bring a motion for summary judgment if warranted after discovery.

## III.   CONCLUSION

For all the foregoing reasons, Shapiro requests that the Court grant his motion to file the proposed amended Complaint adding counts for intentional misrepresentation and negligent misrepresentation.

DATED: November 15, 2021

CHRISTOPHER GRIVAKES
AFFELD GRIVAKES LLP


By: /s/ *Christopher Grivakes*
     Christopher Grivakes

Attorneys for Plaintiff SETH SHAPIRO

REPLY TO OPPOSITION TO MOTION TO AMEND COMPLAINT