1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10

11   SETH SHAPIRO                       Case No.: 2:19-CV-8972-CBM-(FFMx)

12          Plaintiff,

   vs.                          **ORDER RE: PLAINTIFF'S**

13                                 **MOTION TO FILE FIFTH**

  AT&T MOBILITY, LLC,            **AMENDED COMPLAINT [88]**

14

         Defendants.

15

16       The matter before the Court is Plaintiff Seth Shapiro's ("Plaintiff's")

17 Motion to File Fifth Amended Complaint.  (Dkt. No. 88.)  The matter is fully

18 briefed.

19                   **I.**     **BACKGROUND**

20       This action arises from alleged "SIM swapping" in connection with

21 Plaintiff's AT&T wireless cell phone number during which Plaintiff's

22 cryptocurrency was stolen.  Plaintiff filed the original Complaint on October 17,

23 2019, which asserted seven causes of action against AT&T:  (1) violations of The

24 Federal Communications Act (the "FCA"), 47 U.S.C. § 201 *et seq*.; (2) violations

25 of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §

26 17200 *et seq*.; (3) violations of California Constitutional Right to Privacy; (4)

27 negligence; (5) negligent supervision and entrustment; (6) violations of

28 California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et*

*seq*.; and (7) violations of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030.  On May 18, 2020, the Court granted Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint as to Plaintiff's third cause of action for violation of his privacy rights under the California Constitution and sixth cause of action for violations of California's Consumer Legal Remedies Act with leave to amend.  (Dkt. No. 32.)  On May 29, 2020, Plaintiff filed the First Amended Complaint asserting the same seven causes of action and alleging additional facts in support of Plaintiff's claims.  (Dkt. No. 33.)  On December 23, 2020, the Court granted Defendant's motion to dismiss the First Amended Complaint as to Plaintiff's sixth cause of action for violation of the California Consumer Legal Remedies Act without leave to amend, but denied Defendant's Motion to dismiss Plaintiff's third cause of action for violation of his privacy rights under the California Constitution.  (Dkt. No. 45.)

On January 20, 2021, Plaintiff filed a Second Amended Complaint ("SAC").  (Dkt. No. 50.)  Pursuant to a stipulation by the parties which was approved by the Court (*see* Dkt. Nos. 51, 52), Plaintiff filed a Third Amended Complaint ("TAC") on April 5, 2021.  (Dkt. No. 55.)  The TAC named three defendants:  AT&T Mobility, LLC; Sequential Technology International, LLC; and Prime Communications, L.P.  The TAC asserted the following seven causes of action:  (1) violations of the FCA, 47 U.S.C. § 201 *et seq*. against all Defendants; (2) violation of the UCL, Cal. Bus. & Prof. Code §7200 *et seq*. against AT&T; (3) violations of the California Constitutional Right to Privacy against all Defendants; (4) negligence against all Defendants; (5) negligent supervision and entrustment against all Defendants; (6) concealment against AT&T; and (7) violation of the CFAA, 18 U.S.C. § 1030, against all Defendants. On July 28, 2021, the Court granted Defendant AT&T's motion to dismiss the TAC as to Plaintiff's sixth cause of action for concealment pursuant to Rule 12(b)(6), upon finding Plaintiff failed to allege material facts in AT&T's exclusive

knowledge giving rise to a duty to disclose, failed to plead sufficient facts regarding misleading representations by AT&T about security giving rise to a duty to disclose, and failed to plead sufficient facts that he would have acted differently had he known about the inadequacy of AT&T's security to state a claim for concealment.  (Dkt. No. 72 (the "Order").)  The Court gave Plaintiff leave to amend as to the concealment claim "to allege additional facts correcting the deficiencies identified in th[e] Order."  (*Id*. at 8.)

On August 6, 2021, Plaintiff filed the Fourth Amended Complaint which asserts the following causes of action:  (1) violations of the FCA, 47 U.S.C. § 201 *et seq*. against all Defendants; (2) violation of the UCL, Cal. Bus. & Prof. Code §7200 *et seq*. against AT&T; (3) violations of the California Constitutional Right to Privacy against all Defendants; (4) negligence against all Defendants; (5) negligent supervision and entrustment against all Defendants; (6) concealment against AT&T; (7) intentional misrepresentation against AT&T; and (8) violation of the CFAA, 18 U.S.C. § 1030, against all Defendants.  (Dkt. No. 74.)  On August 27, 2021, Defendant AT&T filed a motion to dismiss the Fourth Amended Complaint as to Plaintiff's sixth and seventh causes of action for concealment and intentional misrepresentation.  (Dkt. No. 78.)  On September 30, 2021, the Court granted Defendant AT&T's motion to dismiss the Fourth Amended Complaint, and dismissed Plaintiff's concealment claim with prejudice and dismissed Plaintiff's intentional misrepresentation claim without prejudice.[1]  (Dkt. No. 85.)

## II.   STATEMENT OF THE LAW

Federal Rule of Civil Procedure 15(a) provides "[t]he court should feely give leave" to amend "when justice so requires."  Fed. R. Civ. Proc. 15(a).  "Requests for leave to amend should be granted with 'extreme liberality.'"  *Brown*

---

[1] In Plaintiff's opposition to the motion to dismiss the Fourth Amended Complaint, Plaintiff stated he "concedes that his claim for misrepresentation was not made with leave of Court or by stipulation."  Accordingly, the Court granted the motion to dismiss Plaintiff's intentional misrepresentation claim without prejudice on that basis.

*v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).  "When considering whether to grant leave to amend, a district court should consider several factors including undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility." *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Of these factors, "prejudice to the opposing party carries the most weight."  *Id.* (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

### III.   DISCUSSION

Plaintiff seeks leave to file a Fifth Amended Complaint to add two claims for intentional misrepresentation and negligent misrepresentation.[2]

**A.     Undue Delay**

Plaintiff argues there has been no undue delay in seeking to amend to add claims for intentional and negligent misrepresentation because "years of discovery" have not passed, the Court has not granted summary judgment for Defendants, and trial is not set to start in a few weeks.

However, discovery has not taken place and a motion for summary judgment has not been filed because the Court has not yet set dates in this action as a result of Plaintiff's filing of four complaints in this action.  Therefore, the fact that no scheduling order setting dates has been issued by the Court is not dispositive of the issue of whether Plaintiff has unduly delayed in seeking to amend the complaint to assert these misrepresentation causes of action.  "In assessing timeliness, we do not merely ask whether a motion was filed within the period of time allotted by the district court in a Rule 16 scheduling order.  Rather, in evaluating undue delay, we also inquire whether the moving party knew or should have known the facts and theories raised by the amendment in the original

---

[2] Plaintiff attached a proposed Fifth Amended Complaint in support of the Motion.

pleading." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (internal quotations and citation omitted); *see also Kittel v. City of Oxnard*, 2018 WL 6004522, at *4 (C.D. Cal. July 9, 2018) (rejecting the plaintiff's argument that "undue delay should play no role in the analysis here because the Court has not yet issued a scheduling order").

Defendants AT&T and Sequential argue Plaintiff does not identify any newly discovered facts in support of his claims for intentional and negligent misrepresentation justifying his delay in asserting his misrepresentation claims. Over two years have passed since Plaintiff first filed this lawsuit on October 17, 2019, Plaintiff has filed four complaints in this action, and the Court has ruled on and granted (at least in part) three motions to dismiss filed by Defendant AT&T. "The delay of nearly two years, while not alone enough to support denial [of leave to amend], is nevertheless relevant." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Moreover, "late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986). Plaintiff fails to identify any newly discovered evidence or facts justifying the delay in asserting these claims, and does not provide a valid reason why these claims for intentional and negligent misrepresentation could not have been included in his original complaint. *See also Kittel*, 2018 WL 6004522, at *4 (denying leave to amend, noting "[w]hen considerable time has passed between the filing of the original pleading and the motion to amend, the burden remains with the movant to show some valid reason for the delay") (internal quotations and citation omitted); *In re Perry*, 662 F. App'x 532, 534 (9th Cir. 2016) ("[A]t some point ... a party may not respond to an adverse ruling by claiming that another theory not previously advanced provides a possible [ground] for relief and should be considered.") (quoting *Ascon Props., Inc.*, 866 F.2d at 1161).

1    Therefore, the Court finds Plaintiff unreasonably delayed in seeking leave

2    to amend to assert claims for intentional and negligent misrepresentation, which

3    weighs against granting leave to amend.

4    **B.      Bad Faith**

5          Defendants do not argue nor present any evidence Plaintiff engaged in bad

6    faith.  Therefore, the Court finds there is no evidence in the record demonstrating

7    Plaintiff has engaged in bad faith in seeking leave to amend.

8    **C.      Undue Prejudice**

9          Here, permitting Plaintiff to file the proposed Fifth Amended Complaint

10   would result in Defendants incurring additional time and expense in having to

11   defend against these misrepresentation claims based on information known to

12   Plaintiff at the time this litigation commenced in October 2019, which would

13   result in prejudice to Defendants.  While "[t]he need for additional discovery is

14   insufficient by itself to deny a proposed amended pleading," and typically the

15   "prejudice must be substantial, . . . the longer the delay in seeking to amend a

16   counterclaim, the less of a showing of prejudice is needed for denial of the

17   motion."  *In re Cir. Breaker Litig.*, 175 F.R.D. 547, 551 (C.D. Cal. 1997) (internal

18   quotations and citations omitted).  Therefore, the fact Defendants "will incur time

19   and expense in having to defend against the new []claims" is prejudicial to

20   Defendants, and "[w]hile this level of prejudice might not be so substantial as to

21   warrant denial on its own, given the timing of the amendment[], it is certainly a

22   factor that militates against granting [Plaintiff] leave to amend."  *Id*.; *see also*

23   *Carter v. Amgen, Inc.*, 682 F. App'x 620, 621 (9th Cir. 2017) (finding the district

24   court did not abuse its discretion in denying Carter's motion for an extension to

25   file an amended complaint where the district court "considered that the case had

26   been pending for nine months and still had not proceeded to discovery, the

27   prejudice to Amgen in incurring additional costs from the delay, and the fact that

28

1    it had already dismissed two of Carter's previous complaints") (citation omitted).[3]

2         Therefore, the Court finds the prejudice to Defendants factor weighs against

3    granting Plaintiff leave to file the proposed Fifth Amended Complaint.

4    **D.**    **Failure to Cure Deficiencies by Amendments Previously Allowed**

5         This factor does not apply because Plaintiff did not previously assert claims

6    for intentional and negligent misrepresentation.

7    **E.**    **Futility**

8         Plaintiff's proposed intentional and negligent misrepresentation claims are

9    based on AT&T and its agents' alleged representations to Plaintiff after the first

10   SIM swap occurred on May 16, 2018, that he would not suffer future SIM swaps.

11   Plaintiff contends he reasonably relied on these misrepresentations, the

12   misrepresentations were false because his phone number "remained vulnerable to

13   future SIM swaps," he would have terminated his phone service had he known the

14   truth, and he suffered financial damages of almost $2 million in digital currency.

15   AT&T argues Plaintiff fails to state a claim for intentional and negligent

16   misrepresentation, and therefore granting Plaintiff leave to amend to assert these

17   claims would be futile.

18        Under California law, "[t]he elements of intentional misrepresentation, or

19   actual fraud, are: '(1) misrepresentation (false representation, concealment, or

20   

21   [3] *See also Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)
     (finding appellees would be prejudiced if appellants were permitted to file an
22   amended complaint because "additional discovery would have to be undertaken on
     appellants' new claims"); *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149
23   (9th Cir. 1989) ("Mobil would suffer substantial prejudice if Ascon were allowed
     to amend its complaint at this late date .... To put Mobil through the time and
24   expense of continued litigation on a new theory ... would cause undue prejudice");
     *Kittel*, 2018 WL 6004522, at *3 (noting "the City should not bear the burden of
25   litigating these new claims" where "it appears that Plaintiff could have asserted
     these amended claims earlier," and finding prejudice where "Plaintiff's proposed
26   amendments will require the City to incur the burden and expense of preparing a
     fourth motion to dismiss tailored to the new claims"); *MV American Queen v. San
27   Diego Marine Construction Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983) (affirming
     denial of motion for leave to amend where new allegations based on information
28   that was already known to the moving party would alter the basis of the action and
     require additional discovery).

nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage.'" *Brissette v. Entrust Grp., Inc.*, 621 F. App'x 461, 462 (9th Cir. 2015) (citations omitted). Furthermore, under California law, "[t]he elements of negligent misrepresentation include: (1) misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the misrepresentation, (4) ignorance of the truth and justifiable reliance on the misrepresentation by the party to whom it was directed, and (5) resulting damage." *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1201 n.2 (9th Cir. 2001).

The Proposed Fifth Amended Complaint alleges:

1.  On May 16, 2018 at approximately 1:35 PM ET, the "first SIM swap" occurred (Proposed Fifth Amended Complaint ¶ 36);

2.  On May 16, 2018, after the first SIM swap occurred, Plaintiff called AT&T customer service and went to an AT&T retail store where an AT&T representative "assured him that they were monitoring his account and that his SIM card would not be swapped again without his authorization" (*id.* ¶ 41);

3.  Plaintiff "relied on AT&T's representations that he was safe from future SIM swaps when he restored phone service to his 3838 Number while at the AT&T store," and "[h]ad he known he was *not* safe from future SIM swaps on his 3838 Number, he would have permanently closed his account for that phone and phone number" (*id.* ¶ 46);

4.  After the AT&T representative's representations were made to Plaintiff at the AT&T retail store, Plaintiff suffered a second SIM swap on the SIM card associated with his 3838 Number on May 16, 2018 (*id.* ¶ 43);

5.  A third SIM swap occurred on November 1, 2018 (*id.* ¶¶ 72-73); and

6.  A fourth SIM swap occurred on May 18, 2019 (*id.* ¶ 75).

The allegation that Plaintiff relied on AT&T's misrepresentation on May 16, 2018 that it was monitoring Plaintiff's account and his SIM card would not be swapped again without his authorization, and the allegation that Plaintiff would have terminated his phone service with AT&T had he realized he was not "safe" from SIM swaps, are contradicted by the allegations that Plaintiff remained an

AT&T customer even after an alleged second SIM swap on May 16, 2018, and a third SIM swap on November 1, 2018.[4]  Therefore, the Court cannot assume as true Plaintiff's allegations that he relied on AT&T's representation on May 16, 2018 that his SIM card would not be swapped again and would have terminated his service with AT&T if he did not rely on such representation.  *See Herrera v. Cty. of Los Angeles*, 482 F. App'x 263, 265 (9th Cir. 2012) (finding allegation that the County had a "policy or practice" of failing to warn minors about snakes was "not plausible as this allegation is repeatedly contradicted by other allegations in Jonathan's complaint"); *see also* 5C Wright & Miller, Fed. Prac. & Proc. Civ. § 1363 (3d ed.) ("The district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading.").  The proposed Fifth Amended Complaint therefore fails to plausibly allege Plaintiff's justifiable reliance on the alleged May 16, 2018 statement as required to state a claim for negligent and intentional misrepresentation.

Moreover, as the Court noted in its Order granting AT&T's motion to dismiss Plaintiff's concealment claim in the Third Amended Complaint and Order granting AT&T's motion to dismiss Plaintiff's concealment claim in the Fourth Amended Complaint, AT&T's Privacy Policy (revised February 15, 2019), which was attached to the TAC and Fourth Amended Complaint (and is attached to the Proposed Fifth Amended Complaint), states:  "Although we strive to keep your

---

[4] In dismissing Plaintiff's concealment claim in the Fourth Amended Complaint, the Court found "the allegations in the [Fourth Amended Complaint] demonstrate Plaintiff continued to be an AT&T customer even though (i) 'AT&T disclosed in writing to Plaintiff that its security measures could not guarantee non-disclosure of a customer's personal information,' and (ii) Plaintiff allegedly experienced *four* SIM swaps, separated by months."  (Dkt. No. 85 at 7.)  Accordingly, the Court concluded "Plaintiff fails to allege sufficient facts that he was 'unaware of the [alleged undisclosed] fact' regarding the limits to AT&T's security measures and would have acted differently had he known about the limits of AT&T's security measures as required to state a claim for concealment."  (*Id.* at 7-8.)  Similarly, the proposed Fifth Amended Complaint alleges Plaintiff continued to be an AT&T customer despite four alleged SIM swaps.

Personal Information secure, no security measures are perfect, and we cannot guarantee that your Personal Information will never be disclosed in a manner inconsistent with this Policy (for example, as the result of unauthorized acts by third parties that violate the law or this Policy)." (TAC Ex. G; Fourth Amended Complaint Ex. G; Proposed Fifth Amended Complaint Ex. G.)  In dismissing Plaintiff's concealment claim for failure to state a claim, the Court found Plaintiff failed to plead sufficient facts regarding misleading representations by AT&T about security giving rise to a duty to disclose because AT&T stated in the Privacy Policy it could not guarantee that a customer's private information would never be disclosed.  (Dkt. Nos. 72, 85.)[5]

Plaintiff contends AT&T's general disclaimer to all customers in its Privacy Policy is irrelevant because Plaintiff's misrepresentation claims are based on the specific misrepresentation made to Plaintiff on May 16, 2018 after the first SIM swap occurred that AT&T was "monitoring his account and that his SIM card would not be swapped again without his authorization." (Proposed Fifth Amended Complaint ¶ 41.)  However, because AT&T's Privacy Policy which is attached to the Proposed Fifth Amended Complaint expressly disclosed to Plaintiff that "no security measures are perfect, and we cannot guarantee that your Personal Information will never be disclosed in a manner inconsistent with this Policy" (*see* Proposed Fifth Amended Complaint Ex. G), the Court finds the proposed Fifth Amended Complaint fails to allege sufficient facts regarding Plaintiff's ignorance of the truth or that his reliance on the alleged statements by AT&T employees that his SIM card would not be swapped again without his authorization was reasonable, as required to state a claim for negligent and intentional

---

[5] In granting AT&T's motion to dismiss the TAC, the Court gave Plaintiff leave to amend to plead additional facts as to his concealment clam. (Dkt. No. 72.) Although Plaintiff included additional facts as to his concealment claim in the Fourth Amended Complaint, the Court granted AT&T's motion to dismiss the Fourth Amended Complaint as to Plaintiff's concealment claim with prejudice upon finding Plaintiff still failed to plead sufficient facts to state a claim for concealment.  (Dkt. No. 85.)

1   misrepresentation.

2       As to Defendant Sequential, the proposed Fifth Amended Complaint fails to

3   allege any false statements by Sequential upon which Plaintiff allegedly relied

4   which are the basis for Plaintiff's intentional and negligent misrepresentation

5   claims.  Therefore, the proposed Fifth Amended Complaint fails to state a claim

6   for intentional and negligent misrepresentation against Sequential.

7       Accordingly, the Court finds granting Plaintiff leave to amend to file the

8   proposed Fifth Amended Complaint to assert claims for intentional and negligent

9   misrepresentation would be futile.

10   **IV.   CONCLUSION**

11       For the reasons set forth above, the undue delay, prejudice to Defendants,

12   and futility factors weigh against granting Plaintiff leave to amend to file the

13   proposed Fifth Amended Complaint to assert claims for intentional and negligent

14   misrepresentation.  Accordingly, the Court **DENIES** Plaintiff's Motion to File

15   Fifth Amended Complaint.

16

17   **IT IS SO ORDERED.**

18

19   DATED:  January 24, 2022.

20                                CONSUELO B. MARSHALL
                             UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28