MARCELLUS MCRAE, SBN 140308
  mmcrae@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:   213.229.7000
Facsimile: 213.229.7520

ASHLEY E. JOHNSON, admitted *pro hac vice*
  ajohnson@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue
Suite 2100
Dallas, TX 75201-2911
Telephone:   214.698.3100
Facsimile: 214.571.2900

Attorneys for AT&T MOBILITY LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SETH SHAPIRO,<br><br>              Plaintiff,<br><br>       v.<br><br>AT&T MOBILITY LLC,<br>SEQUENTIAL TECHNOLOGY<br>INTERNATIONAL, LLC, AND<br>PRIME COMMUNICATIONS, L.P.<br><br>              Defendants. | CASE NO. 2:19-CV-8972 (CBM)<br><br>**DEFENDANT AT&T MOBILITY<br>LLC'S ANSWER TO PLAINTIFF'S<br>FOURTH AMENDED COMPLAINT**<br><br>Action Filed: October 17, 2019 |

Gibson, Dunn &
Crutcher LLP

# ANSWER

Defendant AT&T Mobility LLC ("AT&T") hereby submits its Answer and Separate and Additional Defenses to Plaintiff Seth Shapiro's Fourth Amended Complaint ("4AC") and states as follows:

## PREFATORY STATEMENTS

By answering this 4AC, AT&T does not concede that Plaintiffs have stated a valid claim for relief under the Federal Rules of Civil Procedure. AT&T also denies all allegations contained in any unnumbered paragraphs and/or headings in Plaintiff's 4AC and denies all allegations in Plaintiff's 4AC not specifically admitted. AT&T's responsive statements are based on AT&T's limited understanding of the claims being asserted by Plaintiff and AT&T's limited investigation to date. AT&T's investigation is continuing and AT&T reserves the right to amend or supplement any responsive statement or separate and additional defense contained herein.

## I.   Response to Allegations Styled "Nature Of The Action"

1.     AT&T denies the allegations in Paragraph 1 of the 4AC.

2.     AT&T admits that it is a leading telecommunications provider in the United States. Except as expressly admitted, AT&T denies the allegations in Paragraph 2 of the 4AC.

3.     AT&T admits that federal and state laws and regulations govern its conduct. Those laws and regulations speak for themselves, and AT&T denies any characterization or description that is inconsistent therewith. Except as expressly admitted, AT&T denies the allegations in Paragraph 3 of the 4AC.

4.     AT&T admits that it has a Privacy Policy and that Paragraph 4 of the 4AC purports to quote and characterize that policy. That policy speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies the remaining allegations in Paragraph 4 of the 4AC.

5.     AT&T denies that any AT&T employee, representative, or agent was involved with the alleged SIM swaps. The allegations in Paragraph 5 contain legal conclusions that

require no answer. To the extent an answer is required, AT&T denies the allegations in Paragraph 5 of the 4AC. AT&T denies any remaining allegations in Paragraph 5 of the 4AC.

6.     AT&T denies that any AT&T employee, representative, or agent was involved with the alleged SIM swaps. The allegations in Paragraph 6 contain legal conclusions that require no answer. To the extent an answer is required, AT&T denies the allegations in Paragraph 6 of the 4AC. AT&T denies any remaining allegations in Paragraph 6 of the 4AC.

7.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 7 of the 4AC regarding Mr. Shapiro's motivations for bringing this action, and on that basis denies the same. AT&T denies the remaining allegations in Paragraph 7 of the 4AC.

**II.     Response to Allegations Styled "The Parties"**

8.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 8 of the 4AC, and on that basis denies the same.

9.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 9 of the 4AC, and on that basis denies the same.

10.     AT&T admits that Mr. Shapiro was an AT&T mobile customer in the past. AT&T lacks knowledge or information sufficient to determine the truth of the remaining allegations in Paragraph 10 of the 4AC, and on that basis denies the same.

11.     AT&T admits that it is a Delaware limited liability corporation with its principal office or place of business in Brookhaven, Georgia. AT&T notes that Paragraph 11 of the 4AC purports to characterize information contained at the web address cited in footnote 3. That document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T admits that AT&T Inc.'s Form 10-K for the fiscal year ended December 2018, which is available at: https://www.sec.gov/Archives/edgar/data/732717/000119312519045608/d705958d10k .htm, includes the language quoted in Paragraph 11. AT&T admits that page 4 of this Form 10-K also states that "At December 31, 2018, we served 153 million Mobility subscribers." This document speaks for itself, and AT&T denies any characterization or description that

is inconsistent therewith. AT&T further admits that AT&T Inc. reported segment operating revenues for Mobility in 2017 and 2018 that were above $71 billion. AT&T admits that it is a leading telecommunications provider in the United States. Except as expressly admitted, AT&T denies the allegations in Paragraph 11 of the 4AC.

12. AT&T admits that it provides wireless service to subscribers in the United States. The remaining allegations of Paragraph 12 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that the FCA and related regulations speak for themselves, and denies any characterization or description that is inconsistent therewith. Except as expressly admitted, AT&T denies the allegations in Paragraph 12 of the 4AC.

13. AT&T notes that Paragraph 13 of the 4AC purports to characterize and quote from AT&T Inc.'s 2018 Annual Report. That Annual Report speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T admits that it is an indirect wholly-owned subsidiary of AT&T Inc. AT&T denies any remaining allegations in Paragraph 13 of the 4AC.

14. AT&T admits that it has entered into certain transactions in the past ten years. The terms of those transactions are set out in separate agreements, which speak for themselves. AT&T denies any characterization or description that is inconsistent therewith. The remainder of Paragraph 14 purports to characterize statements in or by various sources without citation. Those sources speak for themselves, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 14 of the 4AC.

15. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 15 of the 4AC, and on that basis it denies them. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to whether Sequential acquired the assets and liabilities of Synchronoss in Paragraph 15 of the 4AC, and on that basis it denies them. AT&T admits that it contracted with Sequential to provide certain call center services for AT&T mobile

phone customers. Further, certain of the allegations in Paragraph 15 contain legal conclusions that require no answer. To the extent an answer is required, AT&T denies those allegations. AT&T denies any remaining allegations in Paragraph 15 of the 4AC.

16.     AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 16 of the 4AC, and on that basis it denies them. The allegations in the second sentence of Paragraph 16 of the 4AC are too vague for AT&T to form a belief as to the truth of the allegations and, on that basis, AT&T denies them. Further, certain of the allegations in the last sentence of Paragraph 16 contain legal conclusions that require no answer. To the extent an answer is required, AT&T denies those allegations. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first half of the third sentence of Paragraph 16 of the 4AC, and on that basis it denies them. AT&T denies the remaining allegations in Paragraph 16 of the 4AC.

17.     AT&T admits that it contracted with Synchronoss and Spring to perform certain services for AT&T. Except as expressly admitted, AT&T denies the allegations in Paragraph 17 of the 4AC.

18.     AT&T admits for purposes of this action only that AT&T entered into service agreements with Sequential and Spring. AT&T notes that the service agreements speak for themselves, and AT&T denies any characterization or description that is inconsistent therewith. AT&T admits that it adopts security measures to protect the account security of its customers. AT&T denies the remaining allegations in Paragraph 18 of the 4AC.

19.     AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the 4AC regarding all statements allegedly made or not made by Synchronoss and Spring employees to Mr. Shapiro, and on that basis it denies them. AT&T denies the remaining allegations in Paragraph 19 of the 4AC.

### III.     Response to Allegations Styled "Jurisdiction and Venue"

20.     The allegations in Paragraph 20 of the 4AC contain legal conclusions that require no answer. To the extent that an answer is required, AT&T admits for purposes of

this action only that the Court has subject matter jurisdiction over this action. Except as expressly admitted, AT&T denies the allegations in Paragraph 20 of the 4AC.

21.     The allegations in Paragraph 21 of the 4AC contain legal conclusions that require no answer. To the extent that an answer is required, AT&T admits for purposes of this action only that the Court has personal jurisdiction over AT&T with respect to the claims in this action. The second sentence of Paragraph 21 of the 4AC purports to characterize an ambiguously cited source in footnote 1. That source speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. Except as expressly admitted, AT&T denies the allegations in Paragraph 21 of the 4AC.

22.     The allegations in Paragraph 22 of the 4AC contain legal conclusions that require no answer. To the extent that an answer is required, AT&T admits for purposes of this action only that venue is appropriate in this district for the claims in this action. Except as expressly admitted, AT&T denies the allegations in Paragraph 22 of the 4AC.

**IV.     Response to Allegations Styled "Allegations Applicable to All Counts"**

23.     The allegations in Paragraph 23 of the 4AC are too vague for AT&T to form a belief as to the truth of the allegations and, on that basis, AT&T denies them. Further, the allegations in the second sentence of Paragraph 23 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T denies the allegations in the second sentence of Paragraph 23 of the 4AC.  AT&T denies any remaining allegations in Paragraph 23 of the 4AC.

24.     AT&T denies the allegations in Paragraph 24 of the 4AC.

25.     AT&T admits that effecting a SIM change without authorization can be referred to as SIM swapping. AT&T denies the remaining allegations in Paragraph 25 of the 4AC.

A.   **Response to Allegations Styled "SIM Swapping is a Type of Identity Theft Involving the Transfer of a Mobile Phone Number"**

26.   AT&T admits that effecting a SIM change without authorization can be referred to as "SIM swapping." Except as expressly admitted, AT&T denies the allegations in Paragraph 26 of the 4AC.

27.   AT&T admits that most newer model cell phones do contain a SIM card. AT&T further admits that cell phones that require a SIM card, and that do not have a SIM card, will likely not allow for calls or text messages over a carrier network. AT&T further admits that an international mobile equipment identity number ("IMEI") can be used to identify a specific mobile device. Except as expressly admitted, AT&T denies the allegations in Paragraph 27 of the 4AC.

28.   AT&T admits that SIM changes occur pursuant to its subscribers' requests, and that it allows a subscriber to transfer his or her service to a new or different mobile device. AT&T further admits that a subscriber may visit a retail store or call AT&T customer support to request a SIM change. The allegations in the fourth sentence of Paragraph 28 of the 4AC are too vague for AT&T to form a belief as to the truth of the allegations, and on that basis it denies them. Except as expressly admitted, AT&T denies the allegations in Paragraph 28 of the 4AC.

29.   AT&T denies that a "SIM swap" necessarily refers to an unauthorized and illegitimate SIM card change. AT&T lacks sufficient information to form a belief as to the truth of the allegations in the second, third, fourth, and fifth sentences of Paragraph 29, which refer to SIM changes and criminal hacking conduct in general and without reference to a specific incident, and on that basis denies the same. AT&T denies the remaining allegations in Paragraph 29 of the 4AC.

30.   AT&T admits that two-factor authentication requires a person to verify their identification through two means, and that one method to authenticate may occur at a person's request through text messaging. AT&T lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 30, which refer to SIM

changes and criminal hacking conduct in general and without reference to a specific incident, and on that basis denies the same. Except as expressly admitted, AT&T denies the allegations in Paragraph 30 of the 4AC.

31. AT&T denies the allegations in Paragraph 31 of the 4AC.

32. AT&T denies the allegations in Paragraph 32 of the 4AC.

**B. Response to Allegations Styled "AT&T Allowed Unauthorized Access to Mr. Shapiro's Account Four Times Over the Course of Approximately One Year."**

33. AT&T admits that four SIM changes took place on Mr. Shapiro's account between May 16, 2018 and May 18, 2019 that Mr. Shapiro alleges were unauthorized. AT&T lacks knowledge or information sufficient to determine the truth of the remaining allegations in Paragraph 33 of the 4AC, and on that basis denies the same.

34. AT&T denies the allegations in Paragraph 34 of the 4AC.

**Response to Allegations Styled "The First SIM swap (May 16, 2018)"**

35. AT&T admits that a SIM change took place on Mr. Shapiro's account on May 16, 2018. AT&T lacks knowledge or information sufficient to determine the truth of the remaining allegations in the first sentence of Paragraph 35 of the 4AC, and on that basis denies the same. The second sentence of Paragraph 35 of the 4AC contains a legal conclusion to which no response is required. To the extent a response is required, AT&T denies the allegations in the second sentence of Paragraph 35. AT&T denies any remaining allegations in Paragraph 35 of the 4AC.

36. AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 36 of the 4AC, and on that basis denies the same.

37. AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 37 of the 4AC, and on that basis denies the same.

38. AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 38 of the 4AC, and on that basis denies the same.

39. AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 39 of the 4AC, and on that basis denies the same.

40.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 40 of the 4AC, and on that basis denies the same.

41.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 41 of the 4AC, and on that basis denies the same.

### Response to Allegations Styled "The Second SIM Swap (May 16, 2018)"

42.     AT&T admits that a second SIM change took place on Mr. Shapiro's account on May 16, 2018. The third sentence of Paragraph 42 of the 4AC contains a legal conclusion to which no response is required. To the extent a response is required, AT&T denies the allegations in the third sentence of Paragraph 42. AT&T lacks knowledge or information sufficient to determine the truth of the remaining allegations in Paragraph 42 of the 4AC, and on that basis denies the same.

43.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 43 of the 4AC, and on that basis denies the same.

44.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 44 of the 4AC, and on that basis denies the same.

45.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in the first sentence of Paragraph 45 of the 4AC, and on that basis denies the same. AT&T further lacks knowledge or information sufficient to determine the truth of the allegations in the second sentence of Paragraph 45, which refer to cryptocurrency exchanges in general and without reference to a specific exchange or date, and on that basis denies the same. AT&T denies any remaining allegations in Paragraph 45 of the 4AC.

46.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 46 of the 4AC, and on that basis denies the same.

47.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 47 of the 4AC, and on that basis denies the same.

48.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 48 of the 4AC, and on that basis denies the same.

49.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 49 of the 4AC, and on that basis denies the same.

50.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 50 of the 4AC, and on that basis denies the same.

51.     AT&T denies the allegations in the first sentence of Paragraph 51 of the 4AC. AT&T denies that any AT&T employee, representative, or agent was involved with the alleged SIM swaps. AT&T notes that Paragraph 51 purports to characterize and quote from the document cited in footnotes 11–12. That document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 51 of the 4AC.

52.     AT&T denies that Robert Jack and Jarratt White are or were at the time of the alleged SIM swaps AT&T employees, representatives and agents. AT&T denies that any AT&T employee, representative, or agent was involved with the alleged SIM swaps. AT&T notes that Paragraph 52 purports to characterize and quote from the document cited in footnotes 13–15. That document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 52 of the 4AC.

53.     AT&T notes that Paragraph 53 purports to characterize and quote from the document cited in footnote 16. That document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 53 of the 4AC.

54.     AT&T denies the allegations in Paragraph 54 of the 4AC.

55.     AT&T notes that Paragraph 55 purports to characterize the document cited in footnotes 17 and 18. That document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the characterized allegations in the cited document, and on that basis it denies them. AT&T denes that White or Jack was an

AT&T employee, representative, or agent. AT&T denies any remaining allegations in Paragraph 55 of the 4AC.

56.　The allegations in the first sentence of Paragraph 56 of the 4AC are too vague for AT&T to form a belief as to the truth of the allegations and, on that basis, AT&T denies them. AT&T notes that the second sentence of Paragraph 56 purports to characterize the document cited in footnote 19 and 20. That document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the characterized allegations in the cited document, and on that basis it denies them. AT&T denies any remaining allegations in Paragraph 56 of the 4AC.

57.　AT&T denies that any AT&T employee, representative, or agent was involved with the alleged SIM swaps. The remaining allegations in Paragraph 57 of the 4AC are too vague for AT&T to form a belief as to the truth of the allegations and, on that basis, AT&T denies them.

58.　AT&T notes that Paragraph 58 purports to characterize the document cited in footnote 21. That document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the characterized allegations in the cited document, and on that basis it denies them. AT&T denies any remaining allegations in Paragraph 58 of the 4AC.

59.　AT&T notes that Paragraph 59 purports to characterize the document cited in footnote 22. That document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T lacks knowledge or information sufficient to form a belief as to the authenticity or accuracy of the cited document and, on that basis, denies the allegations regarding the document. AT&T denies any remaining allegations in Paragraph 59 of the 4AC.

60.　AT&T notes that Paragraph 60 purports to characterize the document cited in footnote 23. That document speaks for itself, and AT&T denies any characterization or

description that is inconsistent therewith. AT&T lacks knowledge or information sufficient to form a belief as to the authenticity or accuracy of the cited document and, on that basis, denies the allegations regarding the document. AT&T denies that any AT&T employee, representative, or agent was involved with the alleged SIM swaps. AT&T denies any remaining allegations in Paragraph 60 of the 4AC.

61.     AT&T notes that the first sentence of Paragraph 61 purports to characterize the document cited in footnote 25. That document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T lacks knowledge or information sufficient to form a belief as to the authenticity or accuracy of the cited document and, on that basis, denies the allegations regarding the document. AT&T denies that any AT&T employee, representative, or agent was involved with the alleged SIM swaps. AT&T lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in the second sentence of Paragraph 61, and on that basis it denies them. AT&T denies any remaining allegations in Paragraph 61 of the 4AC.

62.     AT&T notes that the Paragraph 62 purports to characterize the document cited in footnote 26. That document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T lacks knowledge or information sufficient to form a belief as to the authenticity or accuracy of the cited document and, on that basis, denies the allegations regarding the document. AT&T lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph 62, and on that basis it denies them. AT&T denies any remaining allegations in Paragraph 62 of the 4AC.

63.     AT&T notes that Paragraph 63 purports to characterize the document cited in footnote 27. AT&T lacks knowledge or information sufficient to form a belief as to the authenticity or accuracy of the cited document and, on that basis, denies the allegations regarding the document. AT&T denies any remaining allegations in Paragraph 63 of the 4AC.

64.     AT&T denies the allegations in Paragraph 64 of the 4AC.

Gibson, Dunn &
Crutcher LLP

65.     AT&T notes that Paragraph 65 purports to characterize and quote from the document cited in footnote 28. AT&T lacks knowledge or information sufficient to form a belief as to the authenticity or accuracy of the cited document and, on that basis, denies the allegations regarding the document. AT&T lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph 65, and on that basis it denies them.

66.     AT&T notes that the Paragraph 66 purports to characterize the document cited in footnotes 29-32. That document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T lacks knowledge or information sufficient to form a belief as to the authenticity or accuracy of the cited document and, on that basis, denies the allegations regarding the document. AT&T lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph 66 of the 4AC, and on that basis it denies them.

67.     AT&T denies that any AT&T employee, representative, or agent was involved with the alleged SIM swaps. AT&T lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph 67, and on that basis it denies them.

68.     AT&T denies the allegations in Paragraph 68 of the 4AC.

69.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 69 of the 4AC, and on that basis denies the same.

**Response to Allegations Styled "The Third SIM swap (November 1, 2018)"**

70.     AT&T admits that a SIM change took place on Mr. Shapiro's account on November 1, 2018. AT&T lacks knowledge or information sufficient to determine the truth of the remaining allegations in Paragraph 70 of the 4AC, and on that basis denies the same. Except as expressly admitted, AT&T denies the allegations in Paragraph 70 of the 4AC.

71.     AT&T denies the allegations of the second sentence of Paragraph 71 of the 4AC. The allegations in the third sentence of Paragraph 71 contain legal conclusions that

require no answer. To the extent an answer is required, AT&T denies the allegations in the third sentence of Paragraph 71. AT&T lacks knowledge or information sufficient to determine the truth of the remaining allegations in Paragraph 71 of the 4AC, and on that basis denies the same.

72.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in the first sentence of Paragraph 72 of the 4AC, and on that basis denies the same. AT&T notes that Paragraph 72 purports to characterize and quote from the document cited in footnote 34. That document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies that any AT&T employee, representative, or agent was involved with the alleged SIM swaps. AT&T denies any remaining allegations in Paragraph 72 of the 4AC.

### Response to Allegations Styled "The Fourth SIM swap (May 18, 2019)"

73.     AT&T admits that a SIM change took place on Mr. Shapiro's account on May 18, 2019. AT&T lacks knowledge or information sufficient to determine the truth of the remaining allegations in Paragraph 73 of the 4AC, and on that basis denies the same. Except as expressly admitted, AT&T denies the allegations in Paragraph 73 of the 4AC.

74.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 74 of the 4AC, and on that basis denies the same.

75.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 75 of the 4AC, and on that basis denies the same.

76.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 76 of the 4AC, and on that basis denies the same.

77.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 77 of the 4AC, and on that basis denies the same.

78.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 78 of the 4AC, and on that basis denies the same.

79.     AT&T lacks knowledge or information sufficient to determine the truth of the allegations in the first sentence of Paragraph 79 of the 4AC, and on that basis denies

the same. AT&T further notes that Paragraph 79 purports to characterize and quote from the document cited in footnote 36. That document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies that any AT&T employee, representative, or agent was involved with the alleged SIM swaps. AT&T denies any remaining allegations in Paragraph 79 of the 4AC.

80. AT&T lacks knowledge or information sufficient to determine the truth of the allegations in the first sentence of Paragraph 80 of the 4AC, and on that basis denies the same. AT&T further notes that Paragraph 80 purports to characterize and quote from the document cited in footnote 37. That document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 80 of the 4AC.

81. AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 81 of the 4AC, and on that basis denies the same.

82. AT&T denies that any AT&T employee, representative, or agent was involved with the alleged SIM swaps. AT&T lacks knowledge or information sufficient to determine the truth of the remaining allegations in Paragraph 82 of the 4AC, and on that basis denies the same.

83. AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 83 of the 4AC, and on that basis denies the same.

84. AT&T denies the allegations in Paragraph 84 of the 4AC.

85. AT&T denies the allegations in the first sentence of Paragraph 85 of the 4AC. AT&T lacks knowledge or information sufficient to determine the truth of the allegations in the second sentence of Paragraph 85 of the 4AC, and on that basis denies the same. AT&T denies any remaining allegations in paragraph 85 of the 4AC.

86. AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 86 of the 4AC, and on that basis denies the same.

87. AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 87 of the 4AC, and on that basis denies the same.

88. AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 88 of the 4AC, and on that basis denies the same.

89. AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 89 of the 4AC, and on that basis denies the same.

90. AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 90 of the 4AC, and on that basis denies the same.

91. AT&T lacks knowledge or information sufficient to determine the truth of the allegations in Paragraph 91 of the 4AC, and on that basis denies the same.

**C.    Response to Allegations Styled "AT&T's Repeated Failures to Protect Mr. Shapiro's Account from Unauthorized Access Are a Violation of Federal Law."**

92. AT&T admits that it is a leading telecommunications provider in the United States. The allegations in Paragraph 92 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that the FCA and related orders and regulations speak for themselves, and denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 92 of the 4AC.

93. The allegations in Paragraph 93 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that the FCA speaks for itself, and denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 93 of the 4AC.

94. The allegations in Paragraph 94 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that the FCA speaks for itself, and denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 94 of the 4AC.

95. The allegations in Paragraph 95 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that the FCA speaks for itself, and denies any characterization or description that is inconsistent therewith. AT&T further notes that Paragraph 95 purports to characterize an FCC order. That order speaks

for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 95 of the 4AC.

96.     The allegations in Paragraph 96 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that the FCA speaks for itself, and denies any characterization or description that is inconsistent therewith. AT&T further notes that Paragraph 96 purports to characterize an FCC order. That order speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 96 of the 4AC.

97.     The allegations in Paragraph 97 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that the FCA speaks for itself, and denies any characterization or description that is inconsistent therewith. AT&T further notes that Paragraph 97 purports to characterize and quote from the document cited in footnote 47. That document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 97 of the 4AC.

98.     The allegations in the second sentence of Paragraph 98 of the 4AC purport to quote from the document cited in footnote 49 of the 4AC. That document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies that any AT&T employee, representative, or agent was involved with the alleged SIM swaps. AT&T denies the remaining allegations in Paragraph 98 of the 4AC.

99.     AT&T denies the allegations in Paragraph 99 of the 4AC.

100.    The allegations in Paragraph 100 of the 4AC contain legal conclusions that require no answer. Paragraph 100 purports to characterize and describe the FCA. To the extent that an answer is required regarding these purported descriptions and characterizations of the FCA, AT&T notes that the FCA speaks for itself, and denies any characterization or description that is inconsistent therewith. AT&T denies that any AT&T employee, representative, or agent was involved with the alleged SIM swaps. AT&T denies any remaining allegations in Paragraph 100 of the 4AC.

101.   The allegations in Paragraph 101 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that the FCA and related regulations speak for themselves, and denies any characterization or description that is inconsistent therewith. AT&T further notes that Paragraph 101 purports to characterize and quote from the document cited in footnote 52. That document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 101 of the 4AC.

102.   AT&T denies the allegations in Paragraph 102 of the 4AC.

103.   The allegations in Paragraph 103 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that Paragraph 103 purports to characterize and quote from the documents cited in footnotes 53–57. Those documents speak for themselves. AT&T denies any remaining allegations in Paragraph 103 of the 4AC.

104.   The allegations in Paragraph 104 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that the FCA and related regulations speak for themselves, and denies any characterization or description that is inconsistent therewith. AT&T further notes that Paragraph 104 purports to characterize and quote from the FCC order cited in footnotes 58–60. That order speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 104 of the 4AC.

105.   AT&T denies the allegations in Paragraph 105 of the 4AC.

106.   AT&T denies the allegations in Paragraph 106 of the 4AC.

107.   The allegations in Paragraph 107 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that the FCA and related orders and regulations speak for themselves, and denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 107 of the 4AC.

108.   AT&T denies the allegations in Paragraph 108 of the 4AC.

109.   The allegations in Paragraph 109 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that the FCA and related orders and regulations speak for themselves, and denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 109 of the 4AC.

110.   AT&T denies the allegations in Paragraph 110 of the 4AC.

111.   The allegations in Paragraph 111 contain legal conclusions that require no answer. To the extent an answer is required, AT&T denies the allegations in Paragraph 111 of the 4AC.

112.   The allegations in Paragraph 112 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that Paragraph 112 purports to characterize and quote from an FCC order. That order speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 112 of the 4AC.

113.   AT&T denies the allegations in Paragraph 113 of the 4AC.

114.   The allegations in Paragraph 114 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that Paragraph 114 purports to characterize and quote from an FCC order. That order speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 114 of the 4AC.

115.   The allegations in Paragraph 115 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that Paragraph 115 purports to characterize and quote from an FCC order. That order speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 115 of the 4AC.

116.   The allegations in Paragraph 116 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that Paragraph 116 purports to characterize and quote from an FCC order. That order speaks for itself, and AT&T

denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 116 of the 4AC.

117.    The allegations in the first sentence of Paragraph 117 of the 4AC contain legal conclusions that require no answer. To the extent that an answer is required, AT&T denies the allegations of the first sentence of Paragraph 117. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 117 of the 4AC, and on that basis AT&T denies them. AT&T denies any remaining allegations in Paragraph 117 of the 4AC.

118.    The allegations in the first sentence of Paragraph 118 of the 4AC contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that Paragraph 118 purports to characterize and quote from the FCA. The FCA speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies that any AT&T employee, representative, or agent was involved with the alleged SIM swaps. AT&T denies the remaining allegations in Paragraph 118 of the 4AC.

119.    AT&T denies that any AT&T employee, representative, or agent was involved with the alleged SIM swaps. AT&T denies that Jack and White were AT&T employees, representatives, or agents. The allegations in Paragraph 119 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T denies the allegations in Paragraph 119 of the 4AC.  AT&T denies any remaining allegations in Paragraph 119 of the 4AC.

**D.    Response to Allegations Styled "Mr. Shapiro's Harm was Caused by Defendants' Negligence."**

120.    AT&T denies that any AT&T employee, representative, or agent was involved with the alleged SIM swaps. The allegations in Paragraph 120 contain legal conclusions that require no answer. To the extent an answer is required, AT&T denies the allegations in Paragraph 120 of the 4AC.   AT&T denies any remaining allegations in Paragraph 120 of the 4AC.

Gibson, Dunn & Crutcher LLP

ANSWER TO FOURTH AMENDED COMPLAINT

121.     AT&T denies the allegations in the third and fifth sentences of Paragraph 121 of the 4AC. The remaining allegations in Paragraph 121 contain legal conclusions that require no answer. To the extent an answer is required, AT&T denies the allegations in Paragraph 121 of the 4AC.  AT&T denies that any AT&T employee, representative, or agent was involved with the alleged SIM swaps. AT&T denies any remaining allegations in Paragraph 121 of the 4AC.

122.     AT&T denies that any AT&T employee, representative, or agent was involved with the alleged SIM swaps. The first sentence of Paragraph 122 contains legal conclusions that require no answer. To the extent an answer is required, AT&T denies the allegations in the first sentence of Paragraph 122 of the 4AC. The allegations in the second sentence of Paragraph 122 are too vague for AT&T to form a belief as to the truth of the allegations and, on that basis, AT&T denies them. AT&T denies any remaining allegations in Paragraph 122 of the 4AC.

123.     AT&T denies that any AT&T employee, representative, or agent was involved with the alleged SIM swaps. The remaining allegations in Paragraph 123 contain legal conclusions that require no answer. To the extent an answer is required, AT&T denies the allegations in Paragraph 123 of the 4AC.  AT&T denies any remaining allegations in Paragraph 123 of the 4AC.

124.     The allegations in Paragraph 124 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T notes that Paragraph 124 purports to characterize and quote from an FCC order. That order speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 124 of the 4AC.

125.     AT&T denies the allegations in the first sentence of Paragraph 125 of the 4AC. The allegations in the second sentence of Paragraph 125 of the 4AC are too vague for AT&T to form a belief as to the truth of the allegations and, on that basis, AT&T denies them. The remaining allegations in Paragraph 125 purport to characterize a document associated with the FTC Chief Technologist of the Federal Trade Commission, which is

cited in footnotes 71–72. That document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies that the document cited in footnotes 71–72 is an FTC report. AT&T denies any remaining allegations in Paragraph 125 of the 4AC.

126. The first sentence of Paragraph 126 of the 4AC contains legal conclusions that require no answer. To the extent an answer is required, AT&T denies the allegations in the first sentence of Paragraph 126 of the 4AC. The remaining allegations in Paragraph 126 purport to characterize a document associated with the FTC Chief Technologist of the Federal Trade Commission, which is cited in footnotes 73–74. That document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies that the document cited in footnotes 73–74 is an FTC Report. AT&T denies any remaining allegations in Paragraph 126 of the 4AC.

127. AT&T notes that the article cited in footnote 76, Brian Rexroad, "Secure Your Number to Reduce SIM Swap Scams," AT&T's Cyber Aware (Sep. 2017), speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies the remaining allegations of Paragraph 127 of the 4AC.

128. The third sentence of Paragraph 128 of the 4AC contains legal conclusions that require no answer. To the extent an answer is required, AT&T denies the allegations in the third sentence of Paragraph 128. AT&T denies the remaining allegations in Paragraph 128 of the 4AC.

129. AT&T denies the allegations in the first sentence in Paragraph 129 of the 4AC. AT&T admits that "AT&T Tech Channel," which appears at https://www.youtube.com/user/ATTTechChannel, includes multiple videos carrying the label "AT&T ThreatTraq." Those videos speak for themselves. AT&T denies the remaining allegations in Paragraph 129 of the 4AC.

130. AT&T notes that Paragraph 130 of the 4AC purports to quote from two videos: "Mobile Security," on YouTube (Feb. 12, 2019), *available at* https://www.youtube.com/watch?v=KSPHS89VnX0, and "AT&T Mobile Movement

Campaign — Ads," on Vimeo, *available at* https://vimeo.com/224936108. The referenced videos speak for themselves. AT&T denies any remaining allegations in Paragraph 130 of the 4AC.

131.  AT&T notes that Paragraph 131 of the 4AC purports to quote from AT&T Tech Channel, "The Huntin' and Phishin' Episode" on YouTube (Apr. 21, 2017), *available at* https://www.youtube.com/watch?v=3g9cPCiFosk. That video speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 131 of the 4AC.

132.  AT&T denies that any AT&T employee, representative, or agent was involved with the alleged SIM swaps. AT&T notes that the allegations in Paragraph 132 purport to characterize content of the YouTube video cited in Paragraph 131. That video speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 132 of the 4AC.

133.  AT&T denies that any AT&T employee, representative, or agent was involved with the alleged SIM swaps. AT&T notes that Paragraph 133 of the 4AC purports to quote from AT&T ThreatTraq, "The Real Threat of Insider Threats" on YouTube (May 5, 2017), *available at* https://www.youtube.com/watch?v=ZM5tuNiVsjs. That video speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies the remaining allegations in Paragraph 133 of the 4AC.

134.  AT&T denies the allegations in the first sentence of Paragraph 134. AT&T notes that Paragraph 134 of the 4AC purports to quote from AT&T ThreatTraq, "The Real Threat of Insider Threats" on YouTube (May 5, 2017), *available at* https://www.youtube.com/watch?v=ZM5tuNiVsjs. That video speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 134 of the 4AC.

135.  AT&T notes that Paragraph 135 of the 4AC purports to quote from AT&T ThreatTraq, "5/31/19 Account-hacking Forum OGusers Hacked" on YouTube (May 31, 2019), *available at* https://www.youtube.com/watch?time continue=234&v=cS4xV3cej3A.

That video speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 135 of the 4AC.

136.    AT&T denies the allegations in Paragraph 136 of the 4AC.

137.    AT&T denies that any AT&T employee, representative, or agent was involved with the alleged SIM swaps. The allegations in the first and third sentences of Paragraph 137 of the 4AC contain legal conclusions as to which no answer is required. To the extent an answer is required, AT&T denies the allegations in the first and third sentences of Paragraph 137. Further, the allegations in the first sentence of Paragraph 137 of the 4AC about a "suspiciously high number of unauthorized SIM swaps" are too vague for AT&T to form a belief as to the truth of the allegations and, on that basis, AT&T denies them. AT&T lacks knowledge or information sufficient to determine the truth of the allegations in the second sentence of Paragraph 137 of the 4AC, and, on that basis, AT&T denies them. AT&T denies the remaining allegations in Paragraph 137 of the 4AC.

138.    AT&T denies that any AT&T employee, representative, or agent was involved with the alleged SIM swaps. The allegations in the first sentence of Paragraph 138 of the 4AC contain legal conclusions as to which no answer is required. To the extent an answer is required, AT&T denies the allegations in the first sentence of Paragraph 138. AT&T denies the remaining allegations in Paragraph 138 of the 4AC.

139.    AT&T denies the allegations in Paragraph 139 of the 4AC.

140.    AT&T denies the allegations in Paragraph 140 of the 4AC.

141.    AT&T notes that Paragraph 141 of the 4AC purports to characterize an order from the FCC. That order speaks for itself, and AT&T denies any description or characterization that is inconsistent therewith. AT&T denies that the involved individuals are properly characterized as AT&T employees, representatives, and agents. AT&T denies the remaining allegations in Paragraph 141 of the 4AC.

142.    AT&T notes that Paragraph 142 of the 4AC purports to characterize an order from the FCC. That order speaks for itself, and AT&T denies any description or

characterization that is inconsistent therewith. AT&T denies the remaining allegations in Paragraph 142 of the 4AC.

143.    AT&T notes that Paragraph 143 of the 4AC purports to characterize an order from the FCC. That order speaks for itself, and AT&T denies any description or characterization that is inconsistent therewith. AT&T denies the remaining allegations in Paragraph 143 of the 4AC.

144.    AT&T notes that Paragraph 144 of the 4AC purports to characterize an order from the FCC. That order speaks for itself, and AT&T denies any description or characterization that is inconsistent therewith. AT&T denies the remaining allegations in Paragraph 144 of the 4AC.

145.    AT&T denies that any AT&T employee, representative, or agent was involved with the alleged SIM swaps. AT&T notes that Paragraph 145 of the 4AC purports to characterize an order from the FCC. That order speaks for itself, and AT&T denies any description or characterization that is inconsistent therewith. AT&T denies the remaining allegations in Paragraph 145 of the 4AC.

146.    AT&T denies that any AT&T employee, representative, or agent was involved with the alleged SIM swaps. The allegations in Paragraph 146 of the 4AC contain legal conclusions as to which no answer is required. To the extent an answer is required, AT&T denies the allegations in Paragraph 146. AT&T denies the remaining allegations in Paragraph 146.

147.    AT&T notes that Paragraph 147 of the 4AC purports to quote from, and purports to characterize, a Princeton study cited at footnote 99, a congressional letter cited at footnote 100, and a Twitter post cited at footnote 101 of the 4AC. Those documents speak for themselves, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 147 of the 4AC.

148.    AT&T notes that Paragraph 148 of the 4AC purports to quote from, and purports to characterize, Wall Street Journal, Forbes, and Vice articles cited at footnotes

Gibson, Dunn &
Crutcher LLP

102–104 of the 4AC. Those articles speak for themselves, and AT&T denies any description or characterization that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 148 of the 4AC.

149.   AT&T denies the allegations in the first sentence of Paragraph 149 of the 4AC. AT&T notes that Paragraph 149 of the 4AC purports to cite to a press release from the Communication Workers of America in footnote 106 and a report from Statista in footnote 105, each of which speaks for itself. AT&T denies any characterization or description that is inconsistent therewith. AT&T admits that its parent corporation, AT&T Inc., together with its subsidiaries and affiliates, employed approximately 254,000 employees in 2017. AT&T notes that Paragraph 149 of the 4AC purports to quote from, and purports to characterize, a Communication Workers of America report. That report speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 149 of the 4AC.

150.   AT&T denies the allegations in the first sentence of Paragraph 150 of the 4AC. With respect to the subparagraphs of Paragraph 150, AT&T responds as follows:

(a) AT&T denies the allegations in Paragraph 150(a) of the 4AC.

(b) AT&T admits that it has the ability to, and sometimes does, send text messages to mobile subscribers. The allegation that it does so "regularly" is too vague for AT&T to form a belief as to its truth, and on that basis AT&T denies it. AT&T lacks knowledge and information sufficient to determine the truth of the hypothetical allegations in the second sentence of Paragraph 150(b) of the 4AC, and on that basis it denies them. AT&T denies the remaining allegations in Paragraph 150(b) of the 4AC.

(c) AT&T admits that it has the ability to send emails to customers. AT&T lacks knowledge or information sufficient to determine the truth of the hypothetical allegations in the third sentence of Paragraph 150(c) of the 4AC, and on that basis it denies them. AT&T denies the remaining allegations in Paragraph 150(c) of the 4AC.

(d) AT&T notes that Paragraph 150(d) of the 4AC purports to quote from or purports to characterize websites cited at footnotes 108–112 of the 4AC. These online

sources speak for themselves. AT&T denies that the Watson speech recognition platform was a voice biometrics solution for customer authentication.   AT&T admits that Interactions Corporation acquired that platform. AT&T denies the remaining allegations in Paragraph 150(d) of the 4AC.

(e) AT&T notes that Paragraph 150(e) of the 4AC purports to quote from or purports to characterize websites cited at footnotes 113–115 of the 4AC. These online sources speak for themselves. The allegations of Paragraph 150(e) of the 4AC are too vague for AT&T to form a belief as to the truth of the allegations and, on that basis, AT&T denies them. Further, AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 150(e) of the 4AC, and on that basis it denies them. AT&T denies any remaining allegations in Paragraph 150(e) of the 4AC.

(f) AT&T denies the allegations in Paragraph 150(f) of the 4AC.

Except as expressly admitted, AT&T denies any remaining allegations in Paragraph 150 of the 4AC.

151.   AT&T denies the allegations in Paragraph 151 of the 4AC.

152.   AT&T denies the allegations in the first sentence of Paragraph 152 of the 4AC. The second sentence in Paragraph 152 purports to characterize an article by Krebs on Security. That document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 152 of the 4AC.

153.   The allegations in Paragraph 153 of the 4AC quote from or purport to characterize portions of ZenKey's website. This website speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 153 of the 4AC.

154.   The allegations in Paragraph 154 of the 4AC quote from or purport to characterize portions of the Apple app store, or the Google app store. These online sources speak for themselves. AT&T denies any remaining allegations in Paragraph 154 of the 4AC.

155.    The allegations in Paragraph 155 of the 4AC quote from or purport to characterize portions of ZenKey's website. This website speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 155 of the 4AC.

156.    The allegations in the last sentence of Paragraph 156 of the 4AC are too vague for AT&T to form a belief as to the truth of the allegations and, on that basis, AT&T denies them. The remaining allegations in Paragraph 156 of the 4AC quote from or purport to characterize portions of ZenKey's website. This website speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 156 of the 4AC.

157.    The allegations in the first portion (from "While ZenKey" to "financial institutions") of the second sentence of Paragraph 157 of the 4AC are too vague for AT&T to form a belief as to the truth of the allegations and, on that basis, AT&T denies them. AT&T denies the remaining allegations in Paragraph 157 of the 4AC.

## F.    Response to Allegations Styled "Defendants Are Liable for the Acts of Their Employees, Representatives and Agents"[1]

158.    AT&T denies that any AT&T employee, representative, or agent was involved with the alleged SIM swaps. The allegations in Paragraph 158 contain legal conclusions that require no answer. To the extent an answer is required, AT&T denies the allegations in Paragraph 158 of the 4AC.  AT&T denies any remaining allegations in Paragraph 158 of the 4AC.

159.    AT&T denies the allegations in Paragraph 159 of the 4AC.

160.    The allegations in Paragraph 160 contain legal conclusions that require no answer. To the extent that an answer is required, AT&T lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 160 of the 4AC, and on that basis denies them. AT&T denies the remaining allegations in Paragraph 160 of the 4AC.

---

[1]    The 4AC does not include a section IV.E.

ANSWER TO FOURTH AMENDED COMPLAINT

Gibson, Dunn & Crutcher LLP

### i. Response to Allegations Styled "Defendants Are Liable for the Acts of its Employees, Representatives and Agents."

161.    AT&T denies the allegations in Paragraph 161 of the 4AC.

162.    AT&T denies that any AT&T employee, representative, or agent was involved with the alleged SIM swaps. The allegations in Paragraph 162 contain legal conclusions that require no answer. To the extent an answer is required, AT&T denies the allegations in Paragraph 162 of the 4AC.

163.    AT&T denies the allegations in Paragraph 163 of the 4AC.

164.    AT&T denies the allegations in Paragraph 164 of the 4AC.

165.    The allegations in Paragraph 165 of the 4AC are too vague for AT&T to form a belief as to the truth of the allegations and, on that basis, AT&T denies them. Further, the allegations in Paragraph 165 contain legal conclusions that require no answer. To the extent an answer is required, AT&T denies the allegations in Paragraph 165 of the 4AC. AT&T denies any remaining allegations in Paragraph 165 of the 4AC.

166.    AT&T notes that Paragraph 166 of the 4AC purports to characterize an order from the FCC. That order speaks for itself, and AT&T denies any description or characterization that is inconsistent therewith. The allegations in Paragraph 166 contain legal conclusions that require no answer. To the extent an answer is required, AT&T denies the allegations in Paragraph 166 of the 4AC. AT&T denies any remaining allegations in Paragraph 166 of the 4AC.

### V. Response to Allegations Styled "AT&T's Misrepresentations and Omissions in its Privacy Policy."

167.    The allegations in Paragraph 167 contain legal conclusions that require no answer. To the extent an answer is required, AT&T denies the allegations in Paragraph 167 of the 4AC.  AT&T denies any remaining allegations in Paragraph 167 of the 4AC.

168.    AT&T lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 168 of the 4AC, and on that basis denies them.

169.    AT&T lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 169 of the 4AC, and on that basis denies them.

170.    AT&T notes that Paragraph 170 of the 4AC purports to characterize AT&T's Privacy Policy. AT&T's Privacy Policy speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 170 of the 4AC.

171.    The allegations in Paragraph 171 of the 4AC are too vague for AT&T to form a belief as to the truth of the allegations and, on that basis, AT&T denies them.

172.    The allegations in Paragraph 172 contain legal conclusions that require no answer. To the extent an answer is required, AT&T denies the allegations in Paragraph 172 of the 4AC.  AT&T denies any remaining allegations in Paragraph 172 of the 4AC.

173.    AT&T denies that any AT&T employee, representative, or agent was involved with the alleged SIM swaps. AT&T notes that Paragraph 173 of the 4AC purports to quote from an uncited document. That document, to the extent it exists, speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. The allegations in the second sentence of Paragraph 173 of the 4AC contain legal conclusions that require no answer.  To the extent an answer is required, AT&T denies the allegations in the second sentence of Paragraph 173 of the 4AC. AT&T denies the remaining allegations in Paragraph 173 of the 4AC.

174.    AT&T denies that any AT&T employee, representative, or agent was involved with the alleged SIM swaps. AT&T notes that Paragraph 174 of the 4AC contains an excerpt from AT&T's Privacy Policy; that Privacy Policy speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies the remaining allegations in Paragraph 174 of the 4AC.

175.    AT&T notes that Paragraph 175 purports to quote from an article appearing on the internet. That article speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 175 of the 4AC.

176.   AT&T denies the allegations in the first sentence in Paragraph 176 of the 4AC. AT&T notes that Paragraph 176 purports to characterize a document cited in footnote 128 of the 4AC.  The document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies the remaining allegations in Paragraph 176 of the 4AC.

177.   AT&T notes that Paragraph 177 purports to characterize a document cited in footnote 129 of the 4AC.  The document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies the remaining allegations in Paragraph 177 of the 4AC.

178.   AT&T notes that Paragraph 178 purports to characterize a document cited in footnote 130 of the 4AC.  The document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies the remaining allegations in Paragraph 178 of the 4AC.

179.   AT&T denies the allegations in Paragraph 179 of the 4AC.

180.   The allegations in Paragraph 180 contain legal conclusions that require no answer. To the extent an answer is required, AT&T denies the allegations in Paragraph 180 of the 4AC.  AT&T denies any remaining allegations in Paragraph 180 of the 4AC.

181.   The allegations in Paragraph 181 contain legal conclusions that require no answer. To the extent an answer is required, AT&T denies the allegations in Paragraph 181 of the 4AC.  AT&T denies any remaining allegations in Paragraph 181 of the 4AC.

182.   The allegations in Paragraph 182 contain legal conclusions that require no answer. To the extent an answer is required, AT&T denies the allegations in Paragraph 182 of the 4AC. AT&T denies any remaining allegations in Paragraph 182 of the 4AC.

183.   The allegations in Paragraph 183 contain legal conclusions that require no answer. To the extent an answer is required, AT&T denies the allegations in Paragraph 183 of the 4AC.  AT&T denies any remaining allegations in Paragraph 183 of the 4AC.

Gibson, Dunn &
Crutcher LLP

ANSWER TO FOURTH AMENDED COMPLAINT

184.   The allegations in Paragraph 184 contain legal conclusions that require no answer. To the extent an answer is required, AT&T denies the allegations in Paragraph 184 of the 4AC.  AT&T denies any remaining allegations in Paragraph 184 of the 4AC.

185.   AT&T denies that any AT&T employee, representative, or agent was involved with the alleged SIM swaps. The allegations in Paragraph 185 contain legal conclusions that require no answer. To the extent an answer is required, AT&T denies the allegations in Paragraph 185 of the 4AC.  AT&T denies any remaining allegations in Paragraph 185 of the 4AC.

186.   The allegations in Paragraph 186 contain legal conclusions that require no answer. To the extent an answer is required, AT&T denies the allegations in Paragraph 186 of the 4AC.  AT&T denies any remaining allegations in Paragraph 186 of the 4AC.

187.   AT&T notes that Paragraph 187 of the 4AC purports to quote from AT&T's Privacy Policy; that Privacy Policy speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies the remaining allegations in Paragraph 187 of the 4AC.

188.   AT&T denies the allegations in the first sentence of Paragraph 188 of the 4AC. The allegations in the second sentence of Paragraph 188 contain legal conclusions that require no answer. To the extent an answer is required, AT&T denies the allegations in Paragraph 188 of the 4AC.  AT&T denies any remaining allegations in Paragraph 188 of the 4AC.

189.   AT&T notes that Paragraph 189 of the 4AC purports to quote from AT&T's Privacy Policy; that Privacy Policy speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies any remaining allegations in Paragraph 189 of the 4AC.

190.   AT&T denies that its employees and agents participated in the allegedly unauthorized SIM swap. AT&T notes that the allegations in Paragraph 190 contain legal conclusions that require no answer. To the extent an answer is required, AT&T denies the

1    allegations in Paragraph 190 of the 4AC.   AT&T denies any remaining allegations in

2    Paragraph 190 of the 4AC.

3        191.   AT&T notes that Paragraph 191 of the 4AC purports to quote from an

4    uncited document. That document, to the extent it exists, speaks for itself, and AT&T

5    denies any characterization or description that is inconsistent therewith. The allegations in

6    Paragraph 191 of the 4AC contain legal conclusions that require no answer. To the extent

7    an answer is required, AT&T denies the allegations in Paragraph 191 of the 4AC. AT&T

8    denies any remaining allegations in Paragraph 191 of the 4AC.

9        192.   AT&T denies that any AT&T employee, representative, or agent was involved

10   with the alleged SIM swaps. AT&T denies the remaining allegations in Paragraph 192 of

11   the 4AC. Further, the allegations in Paragraph 192 contain legal conclusions that require no

12   answer.

13       193.   AT&T denies the allegations in Paragraph 193 of the 4AC.   Further, the

14   allegations in Paragraph 193 contain legal conclusions that require no answer.

15       194.   AT&T denies the allegations in Paragraph 194 of the 4AC. Further, the

16   allegations in Paragraph 194 contain legal conclusions that require no answer.

17       195.   AT&T denies the allegations in Paragraph 195 of the 4AC.

18       196.   AT&T denies the allegations in Paragraph 196 of the 4AC.

19       197.   AT&T denies the allegations in Paragraph 197 of the 4AC. Further, the

20   allegations in Paragraph 197 contain legal conclusions that require no answer.

21       198.   AT&T admits that it received a letter from Mr. Shapiro on or about August

22   13, 2019, postmarked on August 9, 2019. AT&T notes that Mr. Shapiro's letter speaks for

23   itself, and AT&T denies any characterization or description that is inconsistent therewith.

24   AT&T denies that Plaintiff is entitled to any relief and denies any remaining allegations in

25   Paragraph 198 of the 4AC.

26   **VI.   Response to Allegations Styled "AT&T's Concealment Of Its Plan To Profit
27        From Unauthorized SIM Swaps By Not Implementing Basic Security
          Measures And Instead Developing A For Profit Solution (ZenKey)"**
28
         199.   AT&T denies the allegations in Paragraph 199 of the 4AC.

200. AT&T notes that Paragraph 200 of the 4AC purports to characterize an uncited article. That article, if it exists, speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies the remaining allegations in Paragraph 200 of the 4AC.

201. AT&T denies the allegations in Paragraph 201 of the 4AC.

202. AT&T denies the allegations in Paragraph 202 of the 4AC.

203. AT&T denies the allegations in Paragraph 203 of the 4AC.

204. AT&T notes that Paragraph 204 of the 4AC purports to characterize uncited ZenKey's marketing materials. Those materials, to the extent they exist, speak for themselves. AT&T denies the remaining allegations in Paragraph 204 of the 4AC.

205. The allegations in Paragraph 205 of the 4AC are too vague for AT&T to form a belief as to the truth of the allegations and, on that basis, AT&T denies them.

206. AT&T denies the allegations in Paragraph 206 of the 4AC.

207. AT&T denies the allegations in Paragraph 207 of the 4AC.

208. AT&T notes that Paragraph 208 of the 4AC purports to characterize Exhibit G to the 4AC. That document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. Except as expressly admitted, AT&T denies the allegations in Paragraph 208 of the 4AC.

209. The allegations in Paragraph 209 of the 4AC regarding the "largest financial institutions," "technology security measures," and "standard practice" are too vague for AT&T to form a belief as to their truth, and on that basis AT&T denies them. AT&T denies the remaining allegations in Paragraph 209 of the 4AC.

210. AT&T notes that Paragraph 210 of the 4AC purports to characterize Exhibit G to the 4AC. That document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies the remaining allegations in Paragraph 210 of the 4AC.

211. AT&T notes that Paragraph 211 of the 4AC purports to characterize Exhibit G to the 4AC. That document speaks for itself, and AT&T denies any characterization or

description that is inconsistent therewith. AT&T denies the remaining allegations in Paragraph 211 of the 4AC.

212.    AT&T denies the allegations in Paragraph 212 of the 4AC.

213.    AT&T notes that Paragraph 213 of the 4AC purports to characterize Exhibit G to the 4AC. That document speaks for itself, and AT&T denies any characterization or description that is inconsistent therewith. AT&T denies the remaining allegations in Paragraph 212 of the 4AC.

**VI.    Response to Allegations Styled "Claims For Relief"[2]**

**COUNT I**
**Violations of The Federal Communications Act, 47 U.S.C. § 201 et seq.**
**(Against all Defendants)**

214.    AT&T repeats and incorporates by reference each and every denial, admission, and averment set forth above as though fully set forth herein.

215.    AT&T denies the allegations in Paragraph 215 of the 4AC. Further, the allegations in Paragraph 215 contain legal conclusions that require no answer.

216.    AT&T denies the allegations in Paragraph 216 of the 4AC. Further, the allegations in Paragraph 216 contain legal conclusions that require no answer.

217.    AT&T denies the allegations in Paragraph 217 of the 4AC. Further, the allegations in Paragraph 217 contain legal conclusions that require no answer.

218.    AT&T admits that Plaintiff purports to seek the relief described in Paragraph 218 of the 4AC. AT&T denies that Plaintiff is entitled to any relief and denies any remaining allegations in Paragraph 218 of the 4AC.

**COUNT II**
**Violations of The California Unfair Competition Law ("UCL") under the Unlawful, Unfair and Fraudulent Prongs, California Business & Professional Code § 17200 et seq.**
**(Against AT&T)**

219.    AT&T repeats and incorporates by reference each and every denial, admission, and averment set forth above as though fully set forth herein.

---

[2]    The 4AC includes two headings for Section VI.

Gibson, Dunn & Crutcher LLP

220.   AT&T denies the allegations in Paragraph 220 of the 4AC. Further, the allegations in Paragraph 220 contain legal conclusions that require no answer.

221.   AT&T denies the allegations in Paragraph 221 of the 4AC. Further, the allegations in Paragraph 221 contain legal conclusions that require no answer.

222.   AT&T denies the allegations in Paragraph 222 of the 4AC. Further, the allegations in Paragraph 222 contain legal conclusions that require no answer.

223.   AT&T denies the allegations in Paragraph 223 of the 4AC. Further, the allegations in Paragraph 223 contain legal conclusions that require no answer.

224.   AT&T denies the allegations in Paragraph 224 of the 4AC. Further, the allegations in Paragraph 224 contain legal conclusions that require no answer.

225.   AT&T denies the allegations in Paragraph 225 of the 4AC. Further, the allegations in Paragraph 225 contain legal conclusions that require no answer.

226.   AT&T denies the allegations in Paragraph 226 of the 4AC. Further, the allegations in Paragraph 226 contain legal conclusions that require no answer.

227.   AT&T denies the allegations in Paragraph 227 of the 4AC. Further, the allegations in Paragraph 227 contain legal conclusions that require no answer.

228.   AT&T denies the allegations in Paragraph 228 of the 4AC. Further, the allegations in Paragraph 228 contain legal conclusions that require no answer.

229.   AT&T denies the allegations in Paragraph 229 of the 4AC. Further, the allegations in Paragraph 229 contain legal conclusions that require no answer.

230.   AT&T denies the allegations in Paragraph 230 of the 4AC. Further, the allegations in Paragraph 230 contain legal conclusions that require no answer.

231.   AT&T denies the allegations in Paragraph 231 of the 4AC. Further, the allegations in Paragraph 231 contain legal conclusions that require no answer.

232.   AT&T denies the allegations in Paragraph 232 of the 4AC. Further, the allegations in Paragraph 232 contain legal conclusions that require no answer.

233.   AT&T admits that Plaintiff purports to seek the relief described in Paragraph 233 of the 4AC. AT&T denies that Plaintiff is entitled to any relief and denies any remaining allegations in Paragraph 233 of the 4AC.

## COUNT III
### Violations of the California Constitutional Right to Privacy
### (Against all Defendants)

234.   AT&T repeats and incorporates by reference each and every denial, admission, and averment set forth above as though fully set forth herein.

235.   AT&T notes that Paragraph 235 purports to quote the California Constitution. That document speaks for itself, and AT&T denies any characterization that is inconsistent therewith. Further, the allegations in Paragraph 235 contain legal conclusions that require no answer. To the extent an answer is required, AT&T denies the allegations in Paragraph 235 of the 4AC.

236.   AT&T denies the allegations in Paragraph 236 of the 4AC. Further, the allegations in Paragraph 236 contain legal conclusions that require no answer.

237.   AT&T denies the allegations in Paragraph 237 of the 4AC. Further, the allegations in Paragraph 237 contain legal conclusions that require no answer.

238.   AT&T denies the allegations in the first sentence of Paragraph 238 of the 4AC. AT&T lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 238 of the 4AC, and on that basis AT&T denies them. Further, the allegations in Paragraph 238 contain legal conclusions that require no answer.

239.   AT&T denies the allegations in Paragraph 239 of the 4AC. Further, the allegations in Paragraph 239 contain legal conclusions that require no answer.

240.   AT&T denies the allegations in Paragraph 240 of the 4AC. Further, the allegations in Paragraph 240 contain legal conclusions that require no answer.

241.   AT&T denies the allegations in Paragraph 241 of the 4AC. Further, the allegations in Paragraph 241 contain legal conclusions that require no answer.

Gibson, Dunn &
Crutcher LLP

242. AT&T denies the allegations in Paragraph 242 of the 4AC. Further, the allegations in Paragraph 242 contain legal conclusions that require no answer.

243. AT&T denies the allegations in Paragraph 243 of the 4AC. Further, the allegations in Paragraph 243 contain legal conclusions that require no answer.

244. AT&T denies that any AT&T employee, representative, or agent was involved with the alleged SIM swaps. AT&T admits that Plaintiff purports to seek the relief described in Paragraph 244 of the 4AC. AT&T denies that Plaintiff is entitled to any relief and denies any remaining allegations in Paragraph 244 of the 4AC.

### COUNT IV
### Negligence
### (Against all Defendants)

245. AT&T repeats and incorporates by reference each and every denial, admission, and averment set forth above as though fully set forth herein.

246. AT&T denies the allegations in Paragraph 246 of the 4AC. Further, the allegations in Paragraph 246 contain legal conclusions that require no answer.

247. AT&T denies the allegations in Paragraph 247 of the 4AC. Further, the allegations in Paragraph 247 contain legal conclusions that require no answer.

248. AT&T denies the allegations in Paragraph 248 of the 4AC. Further, the allegations in Paragraph 248 contain legal conclusions that require no answer.

249. AT&T denies the allegations in Paragraph 249 of the 4AC. Further, the allegations in Paragraph 249 contain legal conclusions that require no answer.

250. AT&T denies the allegations in Paragraph 250 of the 4AC. Further, the allegations in Paragraph 250 contain legal conclusions that require no answer.

251. AT&T denies the allegations in Paragraph 251 of the 4AC. Further, the allegations in Paragraph 251 contain legal conclusions that require no answer.

252. AT&T denies the allegations in Paragraph 252 of the 4AC. Further, the allegations in Paragraph 252 contain legal conclusions that require no answer.

253. AT&T denies the allegations in Paragraph 253 of the 4AC. Further, the allegations in Paragraph 253 contain legal conclusions that require no answer.

254.    AT&T denies the allegations in Paragraph 254 of the 4AC. Further, the allegations in Paragraph 254 contain legal conclusions that require no answer.

255.    AT&T denies the allegations in Paragraph 255 of the 4AC. Further, the allegations in Paragraph 255 contain legal conclusions that require no answer.

256.    AT&T denies the allegations in Paragraph 256 of the 4AC. Further, the allegations in Paragraph 256 contain legal conclusions that require no answer.

257.    AT&T denies the allegations in Paragraph 257 of the 4AC. Further, the allegations in Paragraph 257 contain legal conclusions that require no answer.

258.    AT&T denies the allegations in Paragraph 258 of the 4AC. Further, the allegations in Paragraph 258 contain legal conclusions that require no answer.

259.    AT&T denies the allegations in Paragraph 259 of the 4AC. Further, the allegations in Paragraph 259 contain legal conclusions that require no answer.

260.    AT&T denies that any AT&T employee, representative, or agent was involved with the alleged SIM swaps. AT&T admits that Plaintiff purports to seek the relief described in Paragraph 260 of the 4AC. AT&T denies that Plaintiff is entitled to any relief and denies the remaining allegations in Paragraph 260 of the 4AC.

## COUNT V
### Negligent Supervision and Entrustment
### (Against all Defendants)

261.    AT&T repeats and incorporates by reference each and every denial, admission, and averment set forth above as though fully set forth herein.

262.    The allegations in Paragraph 262 of the 4AC contain legal conclusions that require no answer. To the extent an answer is required, AT&T denies the allegations. Further, the allegations in Paragraph 262 are too vague for AT&T to form a belief as to the their truth, and on that basis it denies them.

263.    AT&T denies the allegations in Paragraph 263 of the 4AC. Further, the allegations in Paragraph 263 contain legal conclusions that require no answer.

264.    AT&T denies the allegations in Paragraph 264 of the 4AC. Further, the allegations in Paragraph 264 contain legal conclusions that require no answer.

265.   AT&T denies the allegations in Paragraph 265 of the 4AC. Further, the allegations in Paragraph 265 contain legal conclusions that require no answer.

266.   AT&T denies the allegations in Paragraph 266 of the 4AC. Further, the allegations in Paragraph 266 contain legal conclusions that require no answer.

267.   AT&T denies the allegations in Paragraph 267 of the 4AC. Further, the allegations in Paragraph 267 contain legal conclusions that require no answer.

268.   AT&T denies the allegations in Paragraph 268 of the 4AC. Further, the allegations in Paragraph 268 contain legal conclusions that require no answer.

269.   AT&T denies the allegations in Paragraph 269 of the 4AC. Further, the allegations in Paragraph 269 contain legal conclusions that require no answer.

270.   AT&T denies the allegations in Paragraph 270 of the 4AC. Further, the allegations in Paragraph 270 contain legal conclusions that require no answer.

271.   AT&T denies the allegations in Paragraph 271 of the 4AC. Further, the allegations in Paragraph 271 contain legal conclusions that require no answer.

272.   AT&T denies the allegations in Paragraph 272 of the 4AC. Further, the allegations in Paragraph 272 contain legal conclusions that require no answer.

273.   AT&T denies the allegations in Paragraph 273 of the 4AC. Further, the allegations in Paragraph 273 contain legal conclusions that require no answer.

274.   AT&T admits that Plaintiff purports to seek the relief described in Paragraph 274 of the 4AC. AT&T denies that Plaintiff is entitled to any relief and denies any remaining allegations in Paragraph 274 of the 4AC.

**COUNT VI**
**Concealment**
**(Against AT&T)**

275.   Because the Court dismissed Count VI no response is required to Paragraph 276 of the 4AC. To the extent a response is required, AT&T repeats and incorporates by reference each and every denial, admission, and averment set forth above as though fully set forth herein.

276.    Because the Court dismissed Count VI no response is required to Paragraph 276 of the 4AC. To the extent a response is required, AT&T denies the allegations in Paragraph 276 of the 4AC. Further, Paragraph 276 contains legal conclusions that require no answer.

277.    Because the Court dismissed Count VI no response is required to Paragraph 277 of the 4AC. To the extent a response is required, AT&T denies the allegations in Paragraph 277 of the 4AC. Further, Paragraph 277 contains legal conclusions that require no answer.

278.    Because the Court dismissed Count VI no response is required to Paragraph 278 of the 4AC. To the extent a response is required, AT&T denies the allegations in Paragraph 278 of the 4AC.  Further, Paragraph 278 contains legal conclusions that require no answer.

279.    Because the Court dismissed Count VI no response is required to Paragraph 279 of the 4AC. To the extent a response is required, AT&T denies the allegations in Paragraph 279 of the 4AC. Further, Paragraph 279 contains legal conclusions that require no answer.

280.    Because the Court dismissed Count VI no response is required to Paragraph 280 of the 4AC. To the extent a response is required, AT&T denies the allegations in Paragraph 280 of the 4AC.  Further, Paragraph 280 contains legal conclusions that require no answer.  Further, Paragraph 280 contains legal conclusions that require no answer.

281.    Because the Court dismissed Count VI no response is required to Paragraph 281 of the 4AC. To the extent a response is required, AT&T denies the allegations in Paragraph 281 of the 4AC. Further, Paragraph 281 contains legal conclusions that require no answer.

282.    Because the Court dismissed Count VI no response is required to Paragraph 282 of the 4AC. To the extent a response is required, AT&T admits that Plaintiff purports to seek the relief described in Paragraph 282 of the 4AC. AT&T denies that Plaintiff is entitled to any relief and denies any remaining allegations in Paragraph 282 of the 4AC.

Gibson, Dunn & Crutcher LLP

**COUNT VII**
**Intentional Misrepresentation**
**(Against AT&T)**

283.    Because the Court dismissed Count VII, no response is required to Paragraph 283 of the 4AC. To the extent a response is required, AT&T repeats and incorporates by reference each and every denial, admission, and averment set forth above as though fully set forth herein.

284.    Because the Court dismissed Count VII, no response is required to Paragraph 284 of the 4AC. To the extent a response is required, AT&T denies the allegations in Paragraph 284 of the 4AC.

285.    Because the Court dismissed Count VII, no response is required to Paragraph 285 of the 4AC. To the extent a response is required, AT&T denies the allegations in Paragraph 285 of the 4AC.  Further, Paragraph 285 contains legal conclusions that require no answer.

286.    Because the Court dismissed Count VII, no response is required to Paragraph 286 of the 4AC. To the extent a response is required, AT&T denies the allegations in Paragraph 286 of the 4AC. Further, Paragraph 286 contains legal conclusions that require no answer.

287.    Because the Court dismissed Count VII, no response is required to Paragraph 287 of the 4AC. To the extent a response is required, AT&T denies the allegations in Paragraph 287 of the 4AC.  Further, Paragraph 287 contains legal conclusions that require no answer.

288.    Because the Court dismissed Count VII, no response is required to Paragraph 288 of the 4AC. To the extent a response is required, AT&T denies the allegations in Paragraph 288 of the 4AC.  Further, Paragraph 288 contains legal conclusions that require no answer.

289.    Because the Court dismissed Count VII, no response is required to Paragraph 289 of the 4AC. To the extent a response is required, AT&T denies the allegations in

Paragraph 289 of the 4AC.  Further, Paragraph 289 contains legal conclusions that require no answer.

**COUNT VIII**

**Violation of the Computer Fraud and Abuse Act 18 U.S.C. § 1030**
**(Against all Defendants)**

290.   AT&T repeats and incorporates by reference each and every denial, admission, and averment set forth above as though fully set forth herein.

291.   AT&T lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 291 of the 4AC, and on that basis AT&T denies them.

292.   AT&T denies the allegations in Paragraph 292 of the 4AC. Further, the allegations in Paragraph 282 contain legal conclusions that require no answer.

293.   AT&T denies the allegations in Paragraph 293 of the 4AC. Further, the allegations in Paragraph 293 contain legal conclusions that require no answer.

294.   AT&T denies the allegations in Paragraph 294 of the 4AC. Further, the allegations in Paragraph 294 contain legal conclusions that require no answer.

295.   AT&T denies the allegations in Paragraph 295 of the 4AC. Further, the allegations in Paragraph 295 contain legal conclusions that require no answer.

296.   AT&T denies the allegations in Paragraph 296 of the 4AC. Further, the allegations in Paragraph 296 contain legal conclusions that require no answer.

297.   AT&T admits that Plaintiff purports to seek the relief described in Paragraph 297 of the 4AC. AT&T denies that Plaintiff is entitled to any relief and denies any remaining allegations in Paragraph 297 of the 4AC.

**VII.   Response to Allegations Styled "Prayer for Relief"**

Answering the unnumbered allegations styled "Prayer for Relief," AT&T denies that Plaintiff is entitled to any relief, legal or equitable, from AT&T or this Court, as requested in the 4AC or otherwise.

**VIII.   Response to Allegations Styled "Jury Trial"**

Answering the unnumbered Demand for Jury Trial, AT&T admits that Plaintiff purports to demand a jury trial in this action of all issues so triable.

## IX.    SEPARATE AND ADDITIONAL DEFENSES

By alleging the Separate and Additional Defenses set forth below, AT&T does not assume any burden of proof that would otherwise rest with Plaintiff. Nor does AT&T intend any alteration of the burden of proof and/or burden of going forward with evidence that exists with respect to any of Plaintiff's claims. Further, all such defenses are pleaded in the alternative and do not constitute an admission of liability or an admission that Plaintiff is entitled to any relief whatsoever. Finally, all defenses pleaded below are based on AT&T's limited understanding of the claims being asserted by Plaintiff and AT&T's limited investigation to date. AT&T reserves the right to assert additional separate and additional defenses after they are ascertained.

### FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Failure to State a Claim)

The 4AC, and each purported cause of action asserted against AT&T, is barred to the extent it fails to allege facts sufficient to state a claim against AT&T.

### SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Statute of Limitations)

The 4AC, and each purported cause of action asserted against AT&T, is barred to the extent Plaintiff is seeking relief occurring outside any applicable statutes of limitation.

### THIRD SEPARATE AND ADDITIONAL DEFENSE

### (No Breach)

The 4AC, and each purported cause of action asserted against AT&T, is barred in whole or in part because AT&T did not breach any agreement.

### FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Reasonable Care)

The 4AC, and each purported cause of action asserted against AT&T, is barred in whole or in part because AT&T exercised reasonable care to prevent and correct any alleged unlawful conduct.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Contract Limitations)

The 4AC, and each purported cause of action contained therein, is barred in whole or in part to the extent that damages or Plaintiff's requested remedies are precluded or, alternatively, limited by the terms of the contract between AT&T and Plaintiff.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Proximate Causation)

The 4AC, and each purported cause of action asserted against AT&T, is barred because no harm alleged by Plaintiff, if any, was proximately caused by any unlawful policy, custom, practice, act, omission, and/or procedure promulgated and/or tolerated by AT&T.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (No Cause in Fact)

The 4AC, and each purported cause of action asserted against AT&T, is barred because the harms alleged by Plaintiff, if any, were not caused in fact by AT&T.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (Lack of Proximate Causation)

The 4AC, and each purported cause of action asserted against AT&T, is barred because Plaintiff has not plausibly alleged, and cannot prove, that AT&T proximately caused any of Plaintiff's alleged injuries. The harm Plaintiff allegedly suffered, if any, was caused by superseding and intervening causes including factors, persons, or entities other than AT&T.

## NINTH SEPARATE AND ADDITIONAL DEFENSE

### (Laches)

The 4AC, and each purported cause of action asserted against AT&T, is barred by the doctrine of laches.

Gibson, Dunn & Crutcher LLP

ANSWER TO FOURTH AMENDED COMPLAINT

**TENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Unclean Hands)**

The 4AC, and each purported cause of action asserted against AT&T, is barred by the doctrine of unclean hands.

**ELEVENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Estoppel)**

The 4AC, and each purported cause of action asserted against AT&T, is barred to the extent Plaintiff is estoped by his own conduct from recovering any relief.

**TWELFTH SEPARATE AND ADDITIONAL DEFENSE**

**(Waiver)**

The 4AC, and each purported cause of action asserted against AT&T, is barred to the extent Plaintiff waived or released any right to recover any relief.

**THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Lack of Damages)**

The 4AC, and each purported cause of action asserted against AT&T, is barred in whole or in part to the extent Plaintiff suffered no damages and/or his damages were caused by his own conduct.

**FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Failure to Mitigate Damages)**

The 4AC, and each purported cause of action asserted against AT&T, is barred in whole or in part to the extent Plaintiff failed to mitigate his own damages or reasonably try to mitigate his own damages, if any.

**FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE**

**(Standing)**

The 4AC, and each purported cause of action asserted against AT&T, is barred to the extent that Plaintiff lacks standing to bring some or all of the alleged causes of action against AT&T set forth in the 4AC.

Gibson, Dunn & Crutcher LLP

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Assumption of Risk)

The 4AC, and each purported cause of action asserted against AT&T, is barred to the extent Plaintiff had actual knowledge of the risk involved with actions and omissions, including his security and investment practices and voluntarily assumed that risk.

## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Comparative Fault)

The 4AC, and each purported cause of action asserted against AT&T, is barred in whole or in part by Plaintiff's own negligence, carelessness, recklessness, or willful misconduct, or the intervening negligence, recklessness, or willful misconduct of third parties, for which AT&T is not liable. By reason thereof, Plaintiff's damages, if any, as against AT&T, must be reduced by the proportion of fault attributable to such other parties.

## EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Economic Loss Doctrine)

The 4AC, and each purported cause of action asserted against AT&T, is barred in whole or in part to the extent that it is precluded or limited by the economic loss doctrine.

## NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Offset)

The damages sought by the 4AC are barred, in whole or in part, to the extent that Plaintiff has received any credits, payments, or benefits arising out of or related to the claims asserted in the 4AC. Alternatively, Plaintiff's recovery, if any, should be offset by any credits, payments, or benefits, of any type or character, received by Plaintiff.

## TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Exhaust Internal and/or Administrative Remedies)

The 4AC, and each purported cause of action asserted against AT&T, is barred to the extent Plaintiff failed to properly exhaust all of his internal, contractual, administrative, and/or statutorily required remedies, and such failure bars this suit in whole or in part and/or limits Plaintiff's claims and any recovery Plaintiff seeks from AT&T.

## TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Conduct Not Willful)

The 4AC, and each purported cause of action asserted against AT&T, is barred because, at all material times, AT&T and its agents acted without malice and acted reasonably and with a good faith belief in the lawfulness of their conduct based on all relevant facts and circumstances known by them at the time they so acted. The 4AC, and each purported cause of action asserted against AT&T, is further barred because Plaintiff cannot establish "willful or knowing" conduct, as required under some or all of Plaintiff's causes of action.

## TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Accord and Satisfaction)

The 4AC, and each purported cause of action asserted against AT&T, is barred by the doctrine of accord and satisfaction.

## TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Compliance with Law)

The 4AC, and each purported cause of action asserted against AT&T, is barred in whole or in part, on the grounds that AT&T complied or substantially complied with all applicable laws underlying the 4AC, or took reasonable efforts to comply with all applicable laws.

## TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Adequate Remedy at Law)

The 4AC, and each purported cause of action asserted against AT&T, is barred because Plaintiff has adequate remedies at law and is not entitled to any relief with respect to any and all alleged violations of California Business & Professions Code Section 17200 *et seq.* that have discontinued, ceased, and are not likely to recur.

## TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Unjust Enrichment)

The 4AC, and each purported cause of action asserted against AT&T, is barred to the extent it constitutes unjust enrichment or duplicative relief of amounts seeking more than a single recovery.

## TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Taking)

Plaintiff's claims for restitution under California Business & Professions Code Section 17200 *et seq.* would constitute a taking of property without just compensation in violation of the Takings Clause of the Fifth Amendment to the United States Constitution (as incorporated into the Fourteenth Amendment to the United States Constitution) and of Article I, Section 19, of the California Constitution.

## TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Legitimate Business Purposes)

Plaintiffs' California Business & Professions Code Section 17200 *et seq.* claim is barred because AT&T cannot be liable for any alleged violation of the Unfair Competition Law because its actions were not unfair, fraudulent, or likely to mislead, and its conduct and dealings were lawful, as authorized by applicable state and federal statutes, rules, and regulations, and such actions, conduct, and dealings were carried out in good faith and for legitimate business purposes.

## TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (Not Entitled to Equitable Relief)

The 4AC, and each purported equitable claim or form of relief asserted against AT&T, is barred because Plaintiff has adequate remedies at law and will not suffer imminent and irreparable injury or harm as a result of any action or conduct by AT&T.

1

**TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE**

2

**(Damages Speculative)**

3

Plaintiff is barred from relief because the 4AC, and each purported cause of action

4 asserted therein, is barred in whole or in part because, even if Plaintiff's allegations were

5 true, which AT&T denies, the damages alleged by Plaintiff in the 4AC are too speculative

6 to give rise to any of the causes of action alleged, or to permit any recovery sought, by

7 Plaintiff in the 4AC.

8

**THIRTIETH SEPARATE AND ADDITIONAL DEFENSE**

9

**(No CPNI)**

10

The 4AC, and each purported cause of action asserted against AT&T, is barred in

11 whole or in part to the extent Plaintiff failed to identify or plausibly allege that AT&T

12 disclosed, or failed to safeguard, or allowed any improper access to, customer proprietary

13 network information (CPNI) or any other statutorily defined confidential information.

14

**THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE**

15

**(No Misrepresentation or Reliance)**

16

The 4AC, and each purported cause of action asserted against AT&T, is barred in

17 whole or in part to the extent Plaintiff has not plausibly alleged any false or negligent

18 misrepresentations by AT&T, or justifiable reliance by Plaintiff.

19

**THIRTY-SECOND SEPARATE AND ADDITIONAL DEFENSE**

20

**(Ratification)**

21

The 4AC, and each purported cause of action asserted against AT&T, is barred to

22 the extent Plaintiff ratified AT&T's actions.

23

**THIRTY-THIRD SEPARATE AND ADDITIONAL DEFENSE**

24

**(Avoidable Consequences)**

25

The 4AC, and each purported cause of action asserted against AT&T, is barred

26 pursuant to the avoidable consequences doctrine. If the avoidable consequences doctrine

27 does not completely bar the 4AC, and each purported cause of action asserted against

28 AT&T, then any recovery of allegedly stolen funds must be offset or reduced.

## THIRTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Consent)

The 4AC, and each purported cause of action asserted against AT&T, is barred to the extent Plaintiff consented to or voluntarily participated in any alleged activity or conduct that forms the basis for any recovery Plaintiff seeks from AT&T.

## THIRTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Acting Outside the Scope of Employment)

The 4AC, and each purported cause of action asserted against AT&T, is barred insofar as, if any manager, supervisor, agent, employee, or independent contractor of AT&T authorized, required, or requested that a SIM swap occur illegally, or took any other impermissible action (which AT&T denies), such manager, supervisor, agent, employee, or independent contractor acted outside the scope of his or her employment with AT&T and/or AT&T lacked sufficient authority to control the actions of such manager, supervisor, agent, employee, or independent contractor.

## THIRTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Preemption)

Plaintiff is barred from litigating his claims, in whole or in part, in this court to the extent that any federal legislation preempts conflicting state law.

## THIRTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Release)

The 4AC, and each purported cause of action asserted against AT&T, is barred to the extent it has been released.

## THIRTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (No Unauthorized Access)

The Plaintiff's claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, is barred because AT&T did not access any computer without authorization or exceed authorized access to any computer.

Gibson, Dunn & Crutcher LLP

1

## THIRTY-NINTH SEPARATE AND ADDITIONAL DEFENSE

2

### (No Attorneys' Fees)

3      Plaintiff's request for attorneys' fees is barred because the 4AC fails to allege facts

4  sufficient to support an award of attorneys' fees.

5

## FORTIETH SEPARATE AND ADDITIONAL DEFENSE

6

### (No Punitive Damages)

7      Plaintiff's request for punitive or exemplary damages is barred because no facts have

8  been sufficiently alleged or exist sufficient to support that request under California law,

9  including because no officer, director, or managing agent of AT&T acted with fraud, malice,

10  or oppression. Punitive damages are also barred to the extent they are unconstitutional.

11

## FORTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

12

### (No Punitive Damages - Due Process)

13      The imposition of punitive damages in this case would violate the Due Process

14  Clause of the Fifth and Fourteenth Amendments to the United States Constitution because,

15  as applied to this case, the standards of liability for punitive damages in California are unduly

16  vague and subjective, lack sufficient procedural safeguards, and permit retroactive, random,

17  arbitrary, excessive, disproportionate, and capricious punishment that serves no legitimate

18  governmental interest.

19

## FORTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

20

### (No Punitive Damages - Negligence)

21      Punitive damages in this case are barred under California law, the U.S. Constitution,

22  and federal law to the extent they are based on a theory of negligence and/or other theories

23  not permitting an award of punitive damages.

24

## FORTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

25

### (No Punitive and Exemplary Damages)

26      The penalties, fines, and punitive and exemplary damages sought are unconstitutional

27  and excessive under California law and the United States Constitution, including without

28  limitation under the Excessive Fines Clause of the Eighth Amendment of the United States

Constitution, and the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

### FORTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (No Punitive Damages - Due Process)

The imposition of punitive damages in this case would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution because California post-verdict standards for scrutinizing punitive damage verdicts do not provide a meaningful constraint on the discretion of juries to impose punishment.

### FORTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (No Punitive Damages - Due Process)

The imposition of punitive damages in this case based on the out-of-state conduct, profits, aggregate wealth or financial status of AT&T would violate the Commerce Clause, the Due Process clause of the Fifth Amendment to the United States Constitution, and the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution.

### FORTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (No Punitive Damages - Due Process)

The imposition of punitive damages in this case in the absence of a showing of malicious intent to cause harm to Plaintiff would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

### FORTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (No Fraud)

Plaintiff's claims are barred, in whole or in part, to the extent they require a finding of fraud because AT&T did not engage in any fraudulent conduct.

Gibson, Dunn & Crutcher LLP

ANSWER TO FOURTH AMENDED COMPLAINT

**FORTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

**(No Authorization)**

Plaintiff's claims are barred, in whole or in part, to the extent they are based on action, inaction, or statements that were not authorized by AT&T and/or were undertaken by an individual who was not an agent or employee of AT&T.

**FORTY-NINTH SEPARATE AND ADDITIONAL DEFENSE**

**(Claims And Damages Barred By The Wireless Customer Agreement)**

Plaintiff's claims are barred, in whole or in part, by the contractual limitation of liability provisions to which he agreed in his Wireless Customer Agreement with AT&T. That agreement provides, in pertinent part, that AT&T is not liable for acts or omissions of a third party; mistakes, omissions, interruptions, errors, failures to transmit, delays, or defects in the wireless services or software provided by or through AT&T; or damage or injury caused by the use of AT&T's service. The agreement further provides that, AT&T shall not be liable for any indirect, special, punitive, incidental or consequential losses or damages resulting from the use of or inability to use services, software or devices provided by or through AT&T.

**RESERVATION OF RIGHTS**

AT&T has insufficient knowledge or information upon which to form a basis as to whether it may have additional, as yet unstated, separate defenses available. AT&T has not knowingly or intentionally waived any applicable separate and additional defenses and reserves the right to raise additional other separate and additional defenses as they become known to it through discovery in this matter. AT&T further reserves the right to amend its answer and/or separate and additional defenses accordingly and/or to delete separate and additional defenses that it determines are not applicable during the course of subsequent discovery.

**PRAYER FOR RELIEF**

WHEREFORE, AT&T prays for judgment as follows:

1.     That Plaintiff take nothing by the 4AC;

2.    That the 4AC be dismissed in its entirety and with prejudice;

3.    For judgment to be entered favor of AT&T and against Plaintiff on all claims contained in the 4AC;

4.    For costs of suit herein and attorneys' fees as permitted by law; and

5.    For such other and further relief as the Court may deem proper and just.


Dated: February 14, 2022

                              MARCELLUS MCRAE
                              ASHLEY E. JOHNSON
                              GIBSON, DUNN & CRUTCHER LLP


                         By:  /s/ *Ashley E. Johnson*
                              Marcellus McRae
                              Ashley E. Johnson

                         Attorneys for Defendant AT&T MOBILITY LLC